THE STATE, EX REL. LEIS, *v.* BLACK.
THE STATE, EX REL. LEIS, *v.* AMMER. (Two cases.)

[Cite as State, ex rel. Leis, v. Black (1975),
45 Ohio App. 2d 191.]

(Nos. C-75161, C-75162 and C-75163—
Decided August 4, 1975.)

*Mr. Simon L. Leis, Jr.,* and *Mr. Leonard Kirschner,* for relator.

*Messrs. Finn, Sirkin & Pinales,* for respondents.

PALMER, J. These three actions in mandamus, brought on relation of the prosecutor of Hamilton County against various judges of the Court of Common Pleas of Hamilton County, raise similar issues of law questioning the authority of judges of the general division of the Court of Common Pleas to transfer the causes of defendants to the juvenile division of such court upon the discovery, after the entry of pleas and other proceedings, that such defendants had not then attained the age of eighteen years. Motions to dismiss the respective petitions have been filed in each instance, supported by memoranda, and are here consolidated for purposes of disposition.

The factual antecedents of the three causes are relatively uncomplicated and may be summarized as follows:

*No. C-75161.* The defendant, one Arthur Lee Hill, was indicted for receiving stolen goods and for theft, and rep-

resented to the court on arraignment on December 10, 1974, that he was twenty-two years of age. Legal counsel was provided for the defendant, who thereafter entered a plea of no contest. Following a hearing, the trial court found the defendant guilty of receiving stolen goods, but, upon receiving a report from the Adult Probate Department confirming the defendant's age as seventeen years, ordered the cause transferred to the juvenile division for further proceedings. No entry setting aside the plea and/or the finding of guilt appears of record. Six days after the February 4, 1975, entry transferring the cause to the juvenile division, proceedings were commenced therein which eventuated in the following entry of February 10, 1975:

"This day appeared in open court Arthur Lee Hill, juvenile, alleged by petition heretofore filed herein to be a delinquent person; and the Court, after full consideration and investigation, orders said juvenile be placed on 2 years Probation, Adult Probation Department, and ordered to pay Court Costs. Guilty on Trial. Denied."

*No. C-75162 and C-75163.* Here, the involvement of the same defendant was occasioned by two earlier indictments, the first charging unauthorized use of a motor vehicle, and the second charging the receipt of stolen property and theft. Upon arraignment, the defendant represented his age to be nineteen years, was afforded counsel, and subsequently entered pleas of guilty to the indictments. Thereafter, a probation investigation revealed the defendant to be under eighteen years of age and, on February 20, 1975, the trial court entered an order setting aside the plea of guilty and transferred the cause to the juvenile division for further proceedings. No further action has been taken by the juvenile division with respect to these two causes, pending the determination of the instant proceedings.

The petitions for writs of mandamus pray that the several respondent judges be ordered to set aside the above entries of February 4 and February 20, 1975, by which the respective causes were transferred to the juvenile division of the court, and be further commanded to proceed with the sentencing of the defendant on the various charges. The

basic postulate of the relator is that the trial court loses whatever duty or discretion it may once have had to transfer a cause involving a defendant under eighteen years to the juvenile division, when a voluntary and intelligent plea of guilty has been entered by a juvenile[1] and/or when the trial court has determined and entered its finding of guilty,[2] whatever the plea may have been. Therefore, says the relator, the court must thereafter proceed to the sentencing of the juvenile as a mandatory duty. We cannot agree.

At the outset, we note the obvious: that the threshold issue here is the appropriateness of the extraordinary writ of mandamus to *compel* sentencing under the above circumstances. We are not concerned with the question of the authority of the general division of the Court of Common Pleas to *elect* to proceed with sentencing after the juvenile has waived the personal jurisdiction of the juvenile division by entering his plea and consenting to proceedings in the general division of the court. *State* v. *Lipscomb*, unreported, Hamilton Co., No. C-72377, March 19, 1973. Had the respondent judges here elected to continue proceedings in their respective courts against the juvenile, we apprehend no reason why they could not lawfully have done so. Indeed, this seems to be the lesson of *State* v. *Klingenberger* (1925), 113 Ohio St. 418, *Hemphill* v. *Johnson* (1972), 31 Ohio App. 2d 241, *Harris* v. *Alvis* (1950), 61 Ohio Law Abs. 311, *State* v. *Peterson* (1966), 38 Ohio Op. 2d 220 and others. Rather the question is whether trial judges have discretion to elect *not* to proceed with the trial of the juvenile once the fact of minority is discovered, and accordingly to transfer the cause to the juvenile division. If they have such discretion to proceed or not to proceed, then obviously mandamus will not lie. R. C. 2731.03; 35 Ohio Jurisprudence 2d 370, Mandamus, Section 97, et seq.

A review of the applicable statutes and authorities has failed to reveal to us the existence of any such manda-

[1] As to C-75162 and C-75163.
[2] As to C-75161.

tory duty, as claimed by the relator, on the part of the general division of the Court of Common Pleas to proceed with sentencing when minority is first ascertained after a plea is entered and/or a determination of guilt made. The statutes of Ohio[a] clearly set out the jurisdiction of the juvenile division over the persons of children under eighteen years, among others, consistent with the purposes expressed in amended R. C. 2151.01, et seq., effective November 9, 1969, as follows:

"The sections in Chapter 2151. of the Revised Code, with the exception of those sections providing for the criminal prosecution of adults, shall be liberally interpreted and construed so as to effectuate the following purposes:

"(A) To provide for the care, protection, and mental and physical development of children subject to Chapter 2151. of the Revised Code;

"(B) To protect the public interest in removing the consequences of criminal behavior and the taint of criminality from children committing delinquent acts and to substitute therefore a program of supervision, care, and rehabilitation;

"(C) To achieve the foregoing purposes, whenever possible, in a family environment, separating the child from its parents only when necessary for his welfare or in the interests of public safety;

"(D) To provide judicial procedures through which Chapter 2151. of the Revised Code is executed and enforced, and in which the parties are assured of a fair hearing, and their constitutional and other legal rights are recognized and enforced."

Within this framework, the General Assembly has directed that when a child is arrested on any charge, proceedings *shall* initiate in the juvenile division, and if the child is brought before a judge of another court, that court *shall* transfer the cause to the juvenile division. R. C. 2151.25. As pointed out in *Klingenberger* and *Lipscomb*, *supra*, this rule does not divest the general division of the

[a]R. C. Chapter 2151.23, and Juv. R. 1(B).

common pleas court (or other court) of jurisdiction over the *subject matter, i. e.*, over the offense alleged to have been committed by the child; rather, it vests jurisdiction over the *person* of the child in the juvenile division.

The consequences of this distinction are material. It permits, for instance, the waiver by the child of what would otherwise be his right to insist upon personal jurisdiction in the juvenile division and validates, under appropriate circumstances explored in the previously cited cases, action against the child by courts other than juvenile courts. It is also consistent with R. C. 2151.26, which authorizes, under certain circumstances, the transfer of felony causes *from* the juvenile division *to* "the appropriate court having jursidiction of the offense" for proceedings as though the child were an adult. Directed to the instant cause, we conclude that both the juvenile division and the general division of the Court of Common Pleas initially and thereafter possessed a concurrent jurisdiction over the subject matter of the offense, and that while the juvenile by his actions waived the initial exclusive jurisdiction in the juvenile division over his person, we know of no reason and have been cited to no authority which would require us to conclude that his waiver thereby *deprived or divested* the juvenile division of personal jurisdiction when the causes were subsequently placed before it by order of the general division. It follows that when the causes were transferred to the juvenile division upon the discovery of the actual age of the defendant, the juvenile division retained full jurisdiction under the law to proceed with the disposition of the causes in accordance with R. C. Chapter 2151.

Further, we have discovered nothing in the statutes of this state, or in the body of decided law, which would preclude the general division from transferring the cause to the juvenile division *after* accepting a plea and/or determining guilt, just as it clearly has the power (and duty) to so transfer *prior* to such or other occurrences which could be deemed to constitute a waiver. Indeed, we find arguable indication in the statutorily defined purposes of the

juvenile court heretofore cited to suggest the propriety of such act of transfer of the child from the general to the more specialized court. Accordingly, we conclude that the extraordinary writ of mandamus, which will issue only when the right to relief sought by the relator is clear, unequivocal and mandatory, and where, correspondingly, the element of discretion in accomplishing the relief sought is absent, is inappropriate in the instant causes and unavailable to the relator. See, *State, ex rel. Long,* v. *Bettman* (1970), 24 Ohio St. 2d 16.

We would also note a factor present in Case No. C-75161 which presents a matter of substantial concern. There, the juvenile division, following the transfer of the cause, made a formal determination of the juvenile's guilt, adjudicated him a delinquent, and placed him on extended probation, to which he is presumably still subject. The relator would have this court set aside the transfer to the juvenile division and require the respondent judge of the general division to proceed with sentencing the juvenile. While we are not called upon to decide the constitutional implications of the additional jeopardy under which the defendant would then labor, it is clear to us that the relator should have sought the writ *before* this element of undoubted prejudice intervened. That he had a reasonable opportunity to have done so is apparent since the above action taken by the juvenile division did not occur until six days following the transfer from the general division.

We find the following a proper summary of Ohio law under the above circumstances, and adopt it herein:

"* * * [I]t is well settled that an application for the writ must be made within a reasonable time after the alleged fault or neglect of duty, and that laches or delay in making an application may afford sufficient cause for its denial, especially if the delay has been prejudicial to the rights of the respondent *or to those of other persons*." 35 Ohio Jurisprudence 2d 269, Mandamus, Section 40. (Emphasis added.)

Accordingly, the motions to dismiss are, as to each cause herein, granted.

We note, in passing, that the foregoing action by this court leaves unexpunged from the records of the general division of the Court of Common Pleas the defendant's plea and the entry determining his guilt in case No. C-75161. While the nature of the instant proceedings may afford this court no opportunity to mandate or direct that such plea and entry be set aside, clearly they should, either on motion of the defendant, or by the trial court, *sua sponte.*

*Writ denied.*

SHANNON, P. J., and KEEFE, J., concur.