The STATE of Ohio, Appellee,

v.

TILLMAN, Appellant.

[Cite as *State v. Tillman* (1990), 66 Ohio App.3d 464.]

Court of Appeals of Ohio,
Lorain County.

No. 89CA004551.

Decided March 14, 1990.

exhibits were moved into evidence. Those exhibits therefore cannot be considered because they are not properly before us.

To the extent such exhibits were moved into evidence but notation of such fact was omitted from the transcript, no objection to the omission was raised by the appellees pursuant to App.R. 9(B).

*Gregory A. White,* Prosecuting Attorney, for appellee.

*Kenneth Lieux,* for appellant.

*Per Curiam.*

This case is before us on appeal from the rape conviction of Kevin Tillman. Tillman appeals claiming three errors. This court affirms.

Tillman was indicted on February 14, 1989, for rape in violation of R.C. 2907.02(A)(1)(b) and gross sexual imposition in violation of R.C. 2907.05(A)(3). A month later, Tillman moved to dismiss alleging pre-indictment delay, to separate counts of the indictment, and for separate trials. On April 3, 1989, the trial court overruled the motion to dismiss and granted the motion to separate counts of the indictment and separate trials.

The case proceeded to trial by jury on the rape count. At the close of the state's case, Tillman moved for judgment of acquittal which the court overruled. He renewed his motions for judgment of acquittal and dismissal for pre-indictment delay at the close of all of the evidence. The trial court overruled the motions.

During closing arguments, the prosecutor made reference to a plea bargain and defense counsel objected. The trial court gave a curative instruction. Tillman moved for a mistrial based on the prosecutor's statements concerning a plea bargain. The trial court denied the motion.

On April 3, 1989, the jury found Tillman guilty of rape. He was sentenced to ten to twenty-five years' imprisonment. The state entered a nolle prosequi on the gross sexual imposition count.

On April 7, 1989, Tillman moved to vacate judgment and conviction, for arrest of judgment and for a new trial. Tillman supported the motions with a copy of his birth certificate and an affidavit of his counsel which stated that counsel had learned the previous day that Tillman was seventeen years old at the time of the alleged rape. The trial court overruled the motions. Tillman appeals.

### Assignment of Error I

"The trial court erred in overruling appellant's motion to dismiss for pre-indictment delay, thereby denying appellant his right to a speedy trial as guaranteed by Article I, Section 10 of the Ohio Constitution, the Sixth and Fourteenth Amendments to the U.S. Constitution, and Ohio Revised Code 2945.71, 2945.72, and 2945.73."

Tillman argues that he was deprived of his right to a speedy trial because he was indicted on February 14, 1989, for an offense committed on April 29, 1984.

The United States Supreme Court has held that the Sixth Amendment to the United States Constitution speedy trial provisions do not apply to pre-indict-

ment delays. *United States v. Marion* (1971), 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468. Tillman relies on *State v. Meeker* (1971), 26 Ohio St.2d 9, 55 O.O.2d 5, 268 N.E.2d 589, as it applies to the speedy trial guaranty under Section 10, Article I, Ohio Constitution to pre-indictment delay. In *State v. Luck* (1984), 15 Ohio St.3d 150, 153, 15 OBR 296, 299, 472 N.E.2d 1097, 1100, the Ohio Supreme Court held that the *Meeker* holding only applies to cases with similar fact situations.

In *Meeker, supra,* the defendant committed acts at the same time and place which would have constituted four separate offenses. The state knowingly chose to indict the defendant in 1963 for only one of the four possible offenses. When the defendant's conviction on the 1963 indictment was overturned by a post-conviction order in 1969, the state obtained another indictment charging the defendant with the three other crimes that were committed in 1963. This conduct, which was found to violate the defendant's right to a speedy trial, is distinguishable from the facts of the instant case.

In the instant case, Tillman cannot argue that the state delayed prosecution after discovering an offense had been committed. The evidence indicates that a period of less than fifty days passed between the time the crime was discovered and the time Tillman was indicted. Therefore, since Tillman was not subject to prosecution until 1989, the delay between the 1984 offense and the commencement of prosecution in 1989 is not protected by the speedy trial guaranty in Section 10, Article I, Ohio Constitution.

Tillman argues that the delay in excess of four years between the offense and the commencement of prosecution caused substantial prejudice to the defense and violated his right to due process. The United States Supreme Court noted in *United States v. Lovasco* (1977), 431 U.S. 783, 790, 97 S.Ct. 2044, 2048–2049, 52 L.Ed.2d 752, 759, " * * * that proof of prejudice is generally a necessary but not sufficient element of a due process claim, and that the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused." The prejudice claimed by Tillman to have resulted from pre-indictment delay is a general assertion that witnesses became unavailable or forgot the details and facts of the case. The state's reason for delay is that the crime was not discovered until late 1988 or early 1989. Tillman has failed to demonstrate how he was prejudiced at trial by the pre-indictment delay. The first assignment of error is overruled.

## Assignment of Error II

"The trial court erred by overruling appellant's motion for mistrial based upon prosecutorial misconduct during closing argument, thereby denying appellant due process of law and a fair trial as guaranteed by Article I,

Section 10 of the Ohio Constitution and the Fifth and Fourteenth Amendments to the Ohio Constitution."

Tillman argues that he was prejudiced by the prosecutor's comments on plea bargaining during his closing argument. Tillman complains about the portion of the prosecutor's closing argument as follows:

"[Michael Illner, Assistant Prosecuting Attorney]: And lastly, ladies and gentlemen, Mr. Lieux takes this opportunity to plead with you, don't find my client guilty of Rape. If you have to, find him guilty of Gross Sexual Imposition because that's a lesser include offense. The Judge will tell you that's a lesser included offense for purposes of this trial.

"Ladies and gentlemen, I wouldn't plea bargain with him—

"MR. LIEUX [defense attorney]: Objection, Your Honor.

"THE COURT: Overruled.

"MR. ILLNER: And he's asking you to plea bargain with him. I don't think you should do that. I wouldn't let him plead guilty to Gross Sexual Imposition—

"MR. LIEUX: Your Honor, I object. I ask the Court to instruct the Jury that's not to be considered and it's not admissible. It's improper argument.

"MR. ILLNER: I will change the subject, Your Honor.

"MR. LIEUX: I would ask that the Jury be instructed.

"THE COURT: The Jury will disregard the comments about plea bargain."

The state argues that defense counsel, Kenneth Lieux, opened the door to the subject of plea bargaining when he argued that the evidence against Tillman fell short of proving the rape charge beyond a reasonable doubt and that at most the evidence met the elements of gross sexual imposition. The state's argument that the remarks were invited by defense counsel is inapposite.

Evid.R. 410 provides that evidence of an offer to plead guilty or statement made in connection with and relevant to pleas or offers is not admissible in any criminal proceeding against the person who made the offer or plea.

If the facts in this case were less clear, the prosecutor's statements could justify a reversal. However, the trial court gave a curative instruction telling the jury to disregard the prosecutor's comments about plea bargaining. Viewing the claim against the entire record, we find that the prosecutor's comments were not such as to undermine the fundamental fairness of the trial and contribute to a miscarriage of justice. The second assignment of error is not well taken.

### Assignment of Error III

"The trial court erred by overruling appellant's motion for arrest of judgment; motion to vacate judgment, and conviction; and motion for new trial, in violation of Ohio Revised Code 2151.26(E), thereby denying appellant his right to due process of law and fair trial as guaranteed by Article I, Section 10 of the Ohio Constitution and Fifth and Fourteenth Amendments to the Ohio [sic] Constitution."

Tillman contends that his conviction at age twenty-two must be set aside because he was seventeen at the time of the offense.

It is recognized that the juvenile and general divisions of a court of common pleas possess concurrent jurisdiction over a juvenile accused of a crime. *State, ex rel. Leis, v. Black* (1975), 45 Ohio App.2d 191, 195, 74 O.O.2d 270, 272, 341 N.E.2d 853, 856–857. The legislature has directed that when a child is arrested on any charge, proceedings shall initiate in the juvenile division, and if the child is brought before a judge of another court, that court shall transfer the case to the juvenile division. R.C. 2151.25. This rule vests jurisdiction over the person of the child in the juvenile division. *State, ex rel. Leis, v. Black, supra.* It does not divest the general division of the court of common pleas of jurisdiction over the subject matter, which is the alleged offense. *Id.*

The first issue in this case is whether a twenty-two-year old can waive personal jurisdiction. In *State v. Klingenberger* (1925), 113 Ohio St. 418, 149 N.E. 395, the Supreme Court of Ohio held that a minor charged with a felony waived his right to object to the jurisdiction of the court of common pleas on the ground of his minority, by not filing a plea in abatement to an indictment in the court of common pleas. Since a minor can waive personal jurisdiction, this court finds that an adult may also waive personal jurisdiction of the juvenile court. *Klingenberger* was approved and followed in *State v. Adams* (1982), 69 Ohio St.2d 120, 23 O.O.3d 164, 431 N.E.2d 326.

The second issue in this case is whether Tillman waived personal jurisdiction. After reviewing the record in its entirety, we find that he did. At no time during the pretrial or trial phases did Tillman divulge that he was seventeen years old at the time he was alleged to have committed the offense. It was not until after he was found guilty and sentenced that Tillman raised the issue. Tillman subjected himself to the jurisdiction of the court when he entered a plea, and he failed to raise the issue at any point prior to sentence.

He waived the absence of personal jurisdiction. The third assignment of error is not well taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and REECE, JJ., concur.

CACIOPPO, P.J., dissents.

CACIOPPO, Presiding Judge, dissenting.

I respectfully disagree with the majority in this case.

Exclusive original jurisdiction is vested in juvenile court for "any child who on or about the date specified in the complaint is alleged to be * * * a delinquent * * * child." R.C. 2151.23(A)(1). A "delinquent child" is defined as any child who violates any law of this state which would be a crime if committed by an adult. R.C. 2151.02(A). The juvenile court has exclusive jurisdiction to hear matters involving violations of state law committed while the perpetrator was a minor. *State v. Taylor* (1985), 26 Ohio App.3d 69, 72, 26 OBR 243, 246, 498 N.E.2d 211, 214, citing R.C. 2151.011(B)(1).

R.C. 2151.25 provides:

"When a child is arrested under any charge, complaint, affidavit, or indictment, whether for a felony or a misdemeanor, proceedings regarding such child shall be initially in the juvenile court in accordance with this chapter. If the child is taken before a judge of a county court, mayor, judge of the municipal court, or judge of the court of common pleas other than a juvenile court, such judge of a county court, mayor, judge of the municipal court, or judge of the court of common pleas shall transfer the case to the juvenile court, whereupon proceedings shall be in accordance with this chapter. Upon such transfer all further proceedings under the charge, complaint, information, or indictment shall be discontinued in the court of said judge of a county court, mayor, municipal judge, or judge of the court of common pleas other than a juvenile court, and the case relating to such child shall thenceforth be within the exclusive jurisdiction of the juvenile court."

Additionally, R.C. 2151.26(E) is strong evidence of the legislature's intention that a child may not voluntarily waive his right to be tried in juvenile court. *State v. Riggins* (1980), 68 Ohio App.2d 1, 5–6, 22 O.O.3d 1, 5–6, 426 N.E.2d 504, 508–509. R.C. 2151.26(E) provides:

"No child, either before or after reaching eighteen years of age, shall be prosecuted as an adult for an offense committed prior to becoming eighteen, unless the child has been transferred as provided in this section. Any

prosecution that is had in a criminal court on the mistaken belief that the child was over eighteen years of age at the time of the commission of the offense shall be deemed a nullity, and the child shall not be considered to have been in jeopardy on the offense."

Until the juvenile court relinquishes jurisdiction pursuant to the procedures set out in R.C. 2151.26, it has exclusive jurisdiction. *Riggins, supra.*

The majority cites *State, ex rel. Leis, v. Black* (1975), 45 Ohio App.2d 191, 74 O.O.2d 270, 341 N.E.2d 853, and *State v. Klingenberger* (1925), 113 Ohio St. 418, 149 N.E. 395. However, they are not dispositive because the former case failed to consider R.C. 2151.26(E) and the latter case was decided prior to the 1969 legislative enactment.

In the case *sub judice,* Tillman was seventeen years old at the time of the alleged rape. He was prosecuted as an adult in the court of common pleas without being transferred pursuant to R.C. 2151.26. The court of common pleas did not have the power to try Tillman. The conviction of Tillman on the mistaken belief that he was eighteen years or older at the time he allegedly committed the rape is a nullity pursuant to R.C. 2151.26(E). For these reasons, I would remand the case to the trial court.