30

THE STATE OF OHIO, APPELLEE *v.* HARMAN, APPELLANT.

[Cite as *State v. Harman* (1993), 67 Ohio St.3d 30.]

(No. 92–1112—Submitted May 18, 1993—Decided August 4, 1993.)

*James A. Philomena,* Mahoning County Prosecuting Attorney, and *Kathi McNabb Welsh,* Assistant Prosecuting Attorney, for appellee.

*Stuart J. Banks,* for appellant.

*Per Curiam.* On appeal the parties have filed memoranda supporting and opposing jurisdiction. Since this is an appeal as of right under Section 2(B)(2)(a)(i), Article IV, Ohio Constitution, such memoranda are unnecessary. We treat them as briefs on the merits.

Reviewing the decision of the court of appeals on appeal from the conviction, we find that the judge writing the "majority" opinion voted to reverse for denial of the right to confront witnesses and insufficiency of the evidence, one judge concurred only on the confrontation issue, and one judge dissented from the majority opinion, but concurred in the concurring opinion. Therefore, appellant's conviction was reversed for denial of the right to confront witnesses and not for

insufficiency of the evidence. Accordingly, the Double Jeopardy Clause is not implicated pursuant to *Burks v. United States* (1978), 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1, and the court of appeals correctly denied the writ.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.