The STATE of Ohio, Appellee,

v.

TILLMAN, Appellant.

[Cite as *State v. Tillman* (1997), 119 Ohio App.2d 449.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 96CA006427.

Decided May 7, 1997.

450

*Robert Corts,* Assistant Prosecuting Attorney, for appellee.

*Cynthia M. Adams,* for appellant.

---

REECE, Judge.

Appellant, Kevin Tillman, appeals his conviction of rape in violation of R.C. 2907.02(A)(1)(b). We affirm.

## I

On February 14, 1989, the Lorain County Grand Jury indicted Kevin Tillman for the rape of his niece Arnica. At trial, Arnica testified that on her seventh birthday, April 29, 1984, Tillman, under the guise of "playing house," anally sodomized her. On April 3, 1989, Tillman was convicted and sentenced to a period of incarceration of ten to twenty-five years. On April 7, 1989, Tillman moved to vacate the judgment and conviction against him, for arrest of judgment, and for a new trial, arguing that he was only seventeen at the time of the rape and thus had been improperly tried as an adult. This court affirmed Tillman's conviction, holding that Tillman waived the juvenile court's jurisdiction by failing to raise the issue of his age prior to conviction, thereby voluntarily subjecting himself to the jurisdiction of the general division of the court of common pleas. *State v. Tillman* (1990), 66 Ohio App.3d 464, 585 N.E.2d 550.

Finding our decision in *Tillman* in conflict with a First District opinion, the Supreme Court addressed the issue in *State v. Wilson* (1995), 73 Ohio St.3d 40, 652 N.E.2d 196. In *Wilson,* the Supreme Court held that the juvenile court's subject matter jurisdiction cannot be waived, and, "absent a proper bindover procedure pursuant to R.C. 2151.26, the juvenile court has the exclusive subject

matter jurisdiction over any case concerning a child who is alleged to be a delinquent."[1] 73 Ohio St.3d at 44, 652 N.E.2d at 199. Therefore Wilson, who was seventeen at the time he committed the offense in question, was improperly tried in the general division.of the court of common pleas. "Because the general division of the court of common pleas lacked subject matter jurisdiction to convict Wilson, the judgment of conviction against him was void *ab initio.*" *Id.*

Thereafter, Tillman moved for postconviction relief, arguing that pursuant to *Wilson,* his rape conviction was a nullity. The trial court granted Tillman's motion and vacated his conviction on October 26, 1995. On that same date, a complaint was filed against Tillman in the Juvenile Division of the Lorain County Court of Common Pleas, alleging that Tillman was a delinquent child by virtue of the April 29, 1984 rape of his niece Arnica. Tillman was bound over to the General Division of the Lorain County Court of Common Pleas. A jury again convicted Tillman of rape. The court sentenced Tillman to a period of incarceration of ten to twenty-five years, with credit for the time served prior to vacation of his original conviction. This appeal followed.

## II

Tillman presents eight assignments of error. We have carefully reviewed each of Tillman's arguments and find all lacking in merit. We will address each assignment of error in the order offered. .

## A

"I. Appellant was denied equal protection under the law and a fair trial by the state's peremptory challenge of two African–American jurors on the prospective panel.

"II. Appellant was denied effective assistance of counsel as guaranteed by Article I, Section 2 of the Ohio Constitution when counsel failed to object in a timely manner to the prosecutor's peremptory challenges on African–American jurors."

Tillman claims that the state excused two African–American jurors based solely on race. He also claims that trial counsel failed to object to the state's racially discriminatory use of its peremptory challenges in a timely fashion, thus rendering trial counsel's assistance ineffective. Tillman asks us to review the actions of the trial court in overruling his objection to the peremptory challenges against

---

1. A "child," as defined in R.C. 2151.01(B)(1)(a), is any person under the age of eighteen, or any person who violates a federal or state law, or municipal ordinance, prior to obtaining the age of eighteen, regardless of the offender's age at the time the complaint is filed or the hearing on the complaint is held.

the two African–American jurors who were excused, while failing to provide this court with a transcript of the voir dire proceedings.

An appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters that are necessary to support the appellant's assignments of error. *Volodkevich v. Volodkevich* (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237, 1238–1239. In the absence of a complete record, an appellate court must presume regularity in the trial court's proceedings. *State v. Roberts* (1991), 66 Ohio App.3d 654, 657, 585 N.E.2d 934, 936–937. Upon objection, the trial court stated the following:

"I made some notes during the inquiries, and I found that both those prospective jurors, Kathy Haynes and Rose Card, had had previous experience with a criminal justice system, and they were inquired up [*sic*] pretty diligently as to that participation. And when they were excused, I could see the responses by the prospective jurors had nothing to do with race, but whether they might have been contaminated with some emotion or feelings concerning what had happened to members of their family that had been involved in the criminal justice system. So I don't see any excuse here or any challenge here based on race. I see it based on prior knowledge or experience in the family way of the criminal justice system as a cause for excuse."

Under the United States Supreme Court's holding in *Batson v. Kentucky* (1986), 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69, in order to raise a prima facie case of purposeful racial discrimination in jury selection based on the use of peremptory challenges, Tillman must show (1) that he belongs to a cognizable racial group, (2) that the prosecution excluded members of his race, and (3) that those facts and *other circumstances* raise an inference that the prosecutor used peremptory challenges to purposefully exclude members of Tillman's race. *State v. Cook* (1992), 65 Ohio St.3d 516, 519, 605 N.E.2d 70, 77. "The prosecutor's statements and actions during voir dire may refute this inference." *Id.* Only if the trial court determines, in its discretion, that such an inference has arisen does the burden then shift to the prosecution to articulate a race-neutral reason for excluding the prospective juror or jurors. *Id.* Thus, the mere fact that Tillman and the excluded jurors were of the same race does not, as Tillman asserts, constitute a prima facie showing of discrimination requiring the prosecution to state race-neutral reasons for exclusion.

From the transcript before us it appears that the trial court determined, based on the voir dire proceedings, that Tillman had failed to raise an inference of discrimination. Without a complete transcript of the voir dire proceedings so as to review them as a whole, we cannot hold that the court below abused its discretion in concluding that the prosecutor's questions, and the prospective

jurors' answers thereto, refuted any inference of racially motivated exclusion of jurors. Because the trial court properly overruled Tillman's *Batson* objection, trial counsel's failure to raise a timely *Batson* objection did not prejudice the defense and thus did not rise to the level of ineffective assistance of counsel. *Strickland v. Washington* (1984), 466 U.S. 668, 693, 104 S.Ct. 2052, 2067–2068, 80 L.Ed.2d 674, 697; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.

Accordingly, Tillman's first and second assignments of error are overruled.

## B

"III. The trial court erred as a matter of law by not instructing the jury on the lesser included offense of gross sexual imposition as provided for by Ohio Revised Code Section 2945.74 and Criminal Rule 31(C)."

R.C. 2945.74 provides:

"The jury may find the defendant not guilty of the offense charged, but guilty of an attempt to commit it if such attempt is an offense at law. When the indictment or information charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense." See, also, Crim.R. 31(C).

 Gross sexual imposition is a lesser included offense of rape. *State v. Johnson* (1988), 36 Ohio St.3d 224, 522 N.E.2d 1082, paragraph one of the syllabus. However, "[a] charge on a lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." *State v. Braxton* (1995), 102 Ohio App.3d 28, 43, 656 N.E.2d 970, 980, citing *State v. Thomas* (1988), 40 Ohio St.3d 213, 533 N.E.2d 286.

 Tillman contends that Arnica's testimony during his 1989 rape trial contained evidence that rather than penetration, there was only the "*touching* of an erogenous zone of another." R.C. 2907.01(B). Specifically, Tillman claims that when asked during the 1989 trial, Arnica testified that she did not feel any pain, she did not feel anal penetration, and she only "felt his pressure on me * * * [o]n my back." Therefore, Tillman argues, he presented evidence of touching rather than penetration. The jury was erroneously denied the opportunity to find that Tillman did not commit an act of penetration and thus rape, but instead improperly touched Arnica and thus committed an act of gross sexual imposition. See R.C. 2907.05(A)(4).

At trial in the present case, Tillman presented Arnica with what he claims was her inconsistent 1989 testimony regarding penetration. During cross-examination, Arnica maintained that in 1989 she testified that penetration occurred. After hearing argument outside the presence of the jury on Tillman's request for an instruction on gross sexual imposition, the court recessed to consider the matter and, it appears from the transcript, review Arnica's 1989 testimony. In denying Tillman's request for the instruction on the lesser included offense of gross sexual imposition, the trial court explained:

"I have reviewed, as you might gather, and actually, the finding by myself is that the prior testimony is sufficiently positive to reflect the act of penetration, so it is not to be in conflict with the testimony in this case. And so the charge of the lesser included offense is denied. Defendant may have his objections."

When portions of the transcript necessary for review of an assigned error are omitted from the record, this court has nothing to pass upon and must presume validity of the lower court's proceedings. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 219–220, 400 N.E.2d 384, 385–386. This court has not been provided with the transcript of Arnica's 1989 testimony. Although those limited portions used during Arnica's cross-examination in the case *sub judice* are contained in the transcript of the 1996 trial, we cannot engage in a thorough review of the trial court's determination with only those portions of Arnica's 1989 testimony before us that were selectively chosen and presented out of context by the defense for purposes of cross-examination. Therefore, we must presume that the trial court correctly concluded that Arnica's 1989 testimony supported a finding of penetration, thereby rendering an instruction on gross sexual imposition unwarranted. See *State v. Roberts* (1991), 66 Ohio App.3d 654, 657, 585 N.E.2d 934, 936–937.

Accordingly, Tillman's third assignment of error is overruled.

## C

"IV. Both the Juvenile Division of the Lorain County Court of Common Pleas and the General Division of the Lorain County Court of Common Pleas erred as a matter of law in overruling and/or dismissing defense counsel's motion to dismiss based upon the expiration of time as allotted by the statute of limitations, in violation of Ohio Revised Code Section 2901.13."

R.C. 2901.13 provides:

"(A) Except as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:

"(1) for a felony other than aggravated murder or murder, six years;

"* * *

"(F) The period of limitation shall not run during any time when the corpus delicti remains undiscovered.

"(G) The period of limitation shall not run during any time when the accused purposely avoids prosecution. Proof that the accused absented himself from this state or concealed his identity or whereabouts is prima-facie evidence of his purpose to avoid prosecution.

"(H) The period of limitation shall not run during any time a prosecution against the accused based on the same conduct is pending in this state, even though the indictment, information, or process which commenced the prosecution is quashed or the proceedings thereon are set aside or reversed on appeal."

 The *corpus delicti* of a crime involving child abuse or neglect is discovered "when a responsible adult, as listed in R.C. 2151.421, has knowledge of both the act and the criminal nature of the act." *State v. Hensley* (1991), 59 Ohio St.3d 136, 141, 571 N.E.2d 711, 716. Parents are not included in the Supreme Court's definition of those "responsible adults" who "trigger the limitation period." *State v. Rosenberger* (1993), 90 Ohio App.3d 735, 738, 630 N.E.2d 435, 437. See, also, *State v. Sutter* (Nov. 15, 1989), Summit App. No. 13749, unreported, at 8–9. Thus, the limitations period in this case began to run on January 13, 1989, when Arnica disclosed the abuse she had suffered to Detective John Glover and Carolyn Koperdak, a social worker with the Lorain County Children's Services.

 The state originally indicted Tillman on February 14, 1989. Pursuant to R.C. 2901.13(E), prosecution against Tillman commenced one month after discovery of the *corpus delicti* of the crime, well within the six-year statute of limitations. Tillman contends, however, that the second prosecution against him, commenced in juvenile court on October 26, 1995 after the trial court vacated his original conviction, was instituted six years and eight months after the limitations period began running. We disagree. Instead, we find the state's argument persuasive; pursuant to R.C. 2901.13(H) the limitations period was tolled from the time the prosecution against Tillman commenced on February 14, 1989 through the end of the appellate process on March 14, 1990.

At the time this court affirmed Tillman's conviction, the limitations period ceased running because the case was terminated and a presumably valid conviction was in place. At that point, the state could do nothing further in the case. It certainly could not institute proceedings in juvenile court. On October 26, 1995, Tillman's conviction was vacated, and the limitations period again began to run. Because the state filed the complaint against Tillman in juvenile court on

the same date his conviction was vacated, no further time elapsed in the limitations period.

Accordingly, Tillman's fourth assignment of error is overruled.

## D

"V. Both the Juvenile Division and the General Division of the Lorain County Court of Common Pleas erred as a matter of law in overruling and/or dismissing defense counsel's motion to dismiss based upon double jeopardy, in violation of the Fifth Amendment to the United States Constitution and Article 1, Section 10 of the Ohio Constitution."

 Double jeopardy does not bar reprosecution where the convicted defendant has managed through appeal or other procedure to set aside his conviction on grounds other than insufficiency of the evidence. *Columbus v. Marcum* (1989), 65 Ohio App.3d 530, 535, 584 N.E.2d 1233, 1236. In the present case, Tillman's conviction was not reversed based upon insufficient evidence. "It is a 'venerable principl[e] of double jeopardy jurisprudence' that '[t]he successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict, * * * poses no bar to further prosecution on the same charge.' " *Montana v. Hall* (1987), 481 U.S. 400, 402, 107 S.Ct. 1825, 1826, 95 L.Ed.2d 354, 359, quoting *United States v. Scott* (1978), 437 U.S. 82, 90–91, 98 S.Ct. 2187, 2193–2194, 57 L.Ed.2d 65, 73–74. See, also, *State v. Harman* (1993), 67 Ohio St.3d 30, 615 N.E.2d 1038; *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343; *State v. Liberatore* (1982), 69 Ohio St.2d 583, 23 O.O.3d 489, 433 N.E.2d 561.

Accordingly, Tillman's fifth assignment of error is overruled.

## E

"VI. The trial court erred as a matter of law when it allowed testimony regarding defendant's prior sexual history to be elicited by the prosecutor, in violation of Ohio Revised Code Section 2907.02(D)."

R.C. 2907.02(D) provides in part:

"Evidence of specific instances of the defendant's sexual activity, opinion evidence of the defendant's sexual activity, and reputation evidence of the defendant's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, the defendant's past sexual activity with the victim, or is admissible against the defendant under section 2945.59 of the Revised Code, and only to the extent that the court finds

that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value."

Pursuant to R.C. 2945.59:

"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

Similarly, Evid.R. 404 provides:

"(A) Character Evidence Generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, subject to the following exceptions:

"(1) *Character of accused.* Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same is admissible; however, in prosecutions for rape, gross sexual imposition, and prostitution, the exceptions provided by statute enacted by the General Assembly are applicable.

"* * *

"(B) Other Crimes, Wrongs or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

At trial, Detective Glover testified that Tillman stated he was a homosexual during questioning after his arrest. The state contends that Tillman's sexual orientation was relevant because "[i]n the previous trial, the Appellant testified he did not rape Arnica because he was a homosexual and he liked men. Homosexuals engaged [sic] in anal sex. In this case the allegation was anal sex." However, Tillman did not testify in the 1996 trial and did not make the argument that he was innocent because he was a homosexual and thus not interested in sex with females. We agree with Tillman's position: the prosecution used Tillman's sexual orientation for exactly that purpose prohibited by the Revised Code and Rules of Evidence, to show action in conformity therewith. We fail to see how evidence of Tillman's sexual orientation falls within any of the exceptions contained in R.C. 2907.02(D), 2945.59, and Evid.R. 404.

Furthermore, we fail to see how Tillman's sexual orientation is relevant to the case *sub judice* and, even if relevant, how its probative value is not substantially outweighed by its prejudicial nature. See Evid.R. 401, 402 and 403. The trial court erred in permitting Glover to testify to Tillman's status as a homosexual.

However, where there is sufficient independent evidence of a defendant's guilt, thereby rendering improperly admitted statements harmless beyond a reasonable doubt, the error in admitting them is not prejudicial and reversal is unwarranted. *State v. Jenkins* (July 2, 1986), Summit App. No. 12403, unreported, at 5, 1986 WL 7763, citing *State v. Moritz* (1980), 63 Ohio St.2d 150, 17 O.O.3d 92, 407 N.E.2d 1268. Although the admission of Tillman's sexual orientation was error, it was nevertheless harmless. See Crim.R. 52(A). Arnica's testimony alone, if believed by the jury, was sufficient to exclude any reasonable probability that the admission of the statement at issue contributed to Tillman's conviction. *State v. Blevins* (1987), 36 Ohio App.3d 147, 149, 521 N.E.2d 1105, 1108–1109. "[An] accused has a constitutional guarantee to a trial free from prejudicial error, not necessarily one free of all error." *State v. Brown* (1992), 65 Ohio St.3d 483, 485, 605 N.E.2d 46, 47–48. In light of all the other evidence adduced at trial, we cannot hold the admitted statement prejudiced the defense so as to constitute reversible error.

Accordingly, Tillman's sixth assignment of error is overruled.

### F

"VII. The trial court erred as a matter of law when it failed to grant a mistrial after Katherine Tillman testified that Kevin Tillman had been tried and convicted on the same offense at a prior proceeding."

The following occurred during Katherine Tillman's direct examination:

"Q. Okay. Again, about that time period of 1989, after Arnica had testified for the first time, did you or Arnica, or both of you, ever receive a letter from this defendant?

"A. Yes.

"Q. Okay. In relation to that first time of defendant testifying, would you please tell these ladies and gentlemen of the jury about when that letter was received?

"A. Had to be about six or eight months after he was already tried and convicted.

"Mr. Lieux: Objection, move to strike.

"The Court: Jury is instructed to disregard.

"Mr. Lieux: Your Honor, I'd like to approach the bench.

"\* \* \*

"Mr. Lieux: Move to mistrial. Judge, I've been objecting to this line of questioning for two witnesses. I knew it was coming, and I move for mistrial.

"Mr. Corts: Your Honor, I would state that no way did I ever——I don't want to do it in front of the jury.

"The Court: I'm going to overrule the motion for mistrial because I don't think harm has occurred or remarks made that have prejudiced this defendant in this case at this time."

 The request for a mistrial is directed to the trial court's sound discretion. *State v. Smith* (1990), 68 Ohio App.3d 692, 696, 589 N.E.2d 454, 457; see, also, *State v. Widner* (1981), 68 Ohio St.2d 188, 190, 22 O.O.3d 430, 431, 429 N.E.2d 1065, 1066–1067. Absent a showing of an abuse of that discretion that results in material prejudice to the defense, this court will not disturb the trial court's determination. *State v. Long* (1978), 53 Ohio St.2d 91, 98, 7 O.O.3d 178, 181–182, 372 N.E.2d 804, 808–809. An abuse of discretion is more than an error of law or judgment; it implies an unreasonable, unconscionable or arbitrary decision which is "palpably and grossly violative of fact and logic." *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222, 15 OBR 311, 361, 473 N.E.2d 264, 313.

 In addition to the curative instruction quoted above, the court explained to the jury that "[s]tatements or answers which were stricken by the Court or which you were instructed to disregard are not evidence and must be treated as though you never heard them." In Ohio, juries are presumed to obey the court's instructions. *State v. Dunkins* (1983), 10 Ohio App.3d 72, 73, 10 OBR 82, 83–84, 460 N.E.2d 688, 690–691. Tillman has not shown that the jury in his case did otherwise. Review of the record indicates sufficient independent evidence that, if believed by the jury, supports Tillman's conviction. In light of (1) the trial court's curative instruction, (2) a lack of evidence rebutting the presumption that the jury obeyed the curative instruction, and (3) the independent evidence of Tillman's guilt, we cannot hold that the trial court acted in an arbitrary or unconscionable manner in refusing to declare a mistrial.

Accordingly, Tillman's seventh assignment of error is overruled.

## F

"VIII. The trial court erred as a matter of law when it overruled defense counsel's motion for mistrial based upon remarks and gestures by the prosecutor in his closing regarding the defendant's failure to put forth evidence, in violation of Article 1, Section 10 of the Ohio Constitution."

The following occurred during the state's closing argument:

"But the real question comes from that is why? Why would she do this? Why would she continue to testify as she had? There's been no evidence whatsoever introduced by anyone to show that there were any ill feelings between her and this defendant. None. There was no evidence presented by anyone to show that there were any ill feelings between the family.

"Mr. Lieux: Object, Your Honor. I'd like to object to commenting on—

"The Court: Well, he's entitled to say there was no evidence, just like you're entitled to say there was no evidence.

"Mr. Lieux: Your Honor, I'm talking about the Fifth Amendment. This is a comment—

"Mr. Corts: Can we approach the bench if you want to make an argument?

"(Conference at the bench without the hearing of the jury, as follows:)

"Mr. Corts: Go ahead.

"Mr. Lieux: This is an improper comment on defendant not testifying. The defense is not required to present any evidence, and he's commenting on nobody presented any evidence about bad things. It is an improper comment on the defense not presenting witnesses, and I don't have to, and he knows he can't comment about it.

"The Court: He's stating generally, that's all.

"Mr. Lieux: That's not what he said. He said no one presented any evidence about this, and he's pointing at my client when he's saying it.

"The Court: Just refrain, all right?

"Mr. Corts: Yes, Your Honor."

 Our reading of the transcript does not, as Tillman maintains, reveal the type of prosecutorial misconduct in closing argument that warrants a mistrial. The prosecutor argued to the jury that there was no evidence showing that Arnica had any motive to fabricate the charges against Tillman. Prosecutorial misconduct is not grounds for error unless the defendant has been denied a fair trial. *State v. Lott* (1990), 51 Ohio St.3d 160, 165–167, 555 N.E.2d 293, 299–302; *State v. Maurer* (1984), 15 Ohio St.3d 239, 266, 15 OBR 379, 402–403, 473 N.E.2d 768, 792–793. Wide latitude is afforded both parties during closing arguments, so long as comments are not abusive and they do not affect the defendant's substantial rights. *State v. Smith* (1984), 14 Ohio St.3d 13, 14, 14 OBR 317, 318–319, 470 N.E.2d 883, 885.

Moreover, " '[t]he prosecution is not prevented from commenting upon the failure of the defense to offer evidence in support of its case.' " *State v. Watson* (1991), 61 Ohio St.3d 1, 9, 572 N.E.2d 97, 106, quoting *State v. Williams* (1986), 23 Ohio St.3d 16, 20, 23 OBR 13, 16–17, 490 N.E.2d 906, 910–911. Additionally, the prosecutor did not use language "which the jury would 'naturally and necessarily' take as a comment on [the defendant's] failure to testify." *Id.* Finally, even assuming that the prosecutor's comment was improper, where there is sufficient independent evidence of a defendant's guilt, thereby rendering the prosecutor's improper comment harmless beyond a reasonable doubt, the misconduct is not prejudicial and reversal is unwarranted. See, *e.g., State v. Moritz* (1980), 63 Ohio St.2d 150, 17 O.O.3d 92, 407 N.E.2d 1268. In light of the evidence adduced at trial, there is no reasonable probability that the prosecutor's comment contributed to Tillman's conviction. See, *e.g., State v. Blevins* (1987), 36 Ohio App.3d 147, 150, 521 N.E.2d 1105, 1109–1110. We cannot conclude that the prosecutor's comment denied Tillman a fair trial.

Accordingly, Tillman's eighth assignment of error is overruled.

### III

Tillman's eight assignments of error are overruled, and his conviction of rape in violation of R.C. 2907.02(A)(1)(b) is affirmed.

*Judgment affirmed.*

DICKINSON, P.J., and SLABY, J., concur.