[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a jury trial, defendant-appellant, Martin Holloman,[1] was originally convicted of theft as a fifth-degree felony pursuant to R.C.2913.02(A)(1) and (B)(2) and sentenced to serve nine months' incarceration. On appeal, this court held that because the prosecution failed to prove the value of the stolen items, Holloman could only be convicted of petty theft, a first-degree misdemeanor. We reversed his conviction for felony theft and remanded the case for the trial court to convict and sentence him for misdemeanor theft. See State v. Holloman
(Sept. 14, 2001), 1st Dist. No. C-000866.
On remand, the trial court denied Holloman's motion to dismiss the misdemeanor charge on the ground of double jeopardy. It sentenced him to serve six months' incarceration, with credit for six months he had already served. Holloman has filed an appeal from that judgment.
Pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, Holloman's appointed counsel has advised this court that, after a thorough review of the record, he can discern no arguable assignments of error to present on appeal. He has advised appellant of this determination, and appellant has not responded. Holloman's counsel now asks this court to conduct an independent review of the record to determine whether the trial court's proceedings were free from prejudicial error. See Freels v. Hills (C.A.6, 1988), 843 F.2d 958; Statev. Mackey (Dec. 17, 1999), Hamilton App. No. C-990302, unreported. He has also filed a motion to withdraw as Holloman's counsel.
Holloman's counsel has advised this court that Holloman disagrees with counsel's assessment of the appeal and wishes to present his own arguments. Holloman contends that the trial court should not have overruled his motion to dismiss. He argues that because this court held that the evidence was insufficient to convict him of felony theft, double-jeopardy principles prevented him from being convicted and sentenced on remand for misdemeanor theft. This argument is without merit.
In our prior decision, we held that the evidence was sufficient to convict Holloman of misdemeanor theft. An appellate court may properly modify a judgment to a conviction on a lesser-included offense where the evidence is insufficient to sustain the greater offense but sufficient for a conviction of the lesser-included offense. In re York (2001),142 Ohio App.3d 524, 756 N.E.2d 191; State v. Vaughn, 8th Dist. No. 79948, 2002-Ohio-1415. A remand for resentencing under those circumstances does not violate the constitutional provision prohibiting double jeopardy. See State v. Liberatore (1982), 69 Ohio St.2d 583,433 N.E.2d 561; State v. Tillman (1997), 119 Ohio App.3d 449,695 N.E.2d 792; State v. Beaver (1997), 119 Ohio App.3d 385,695 N.E.2d 332; State v. McAninch, 1st Dist. No. C-010456, 2002-Ohio-2347.
Holloman also argues that reconvicting him and resentencing him to misdemeanor theft after he had already been convicted and sentenced for felony theft violated Ohio's allied-offense statute, R.C. 2941.25(A). Holloman's reliance on the allied-offense statute is misplaced. He has not been convicted of more than one offense. See State v. Rance (1999),85 Ohio St.3d 632, 710 N.E.2d 699. We reversed his conviction for felony theft because the evidence was insufficient to support that conviction. However, he could properly have been convicted and sentenced for the lesser — included offense without violating the allied-offense statute. See State v. Deem (1988), 40 Ohio St.3d 205, 533 N.E.2d 294.
We are satisfied that Holloman's counsel has provided his client with a diligent and thorough search of the record and that he has correctly concluded that the proceedings below were free from prejudicial error. See Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346. We find no grounds to support a meritorious appeal. Accordingly, we affirm the trial court's judgment, and we overrule counsel's motion to withdraw. We find the appeal to be frivolous under App.R. 23 and R.C. 2505.05, but we refrain from taxing costs and expenses against Holloman because he is clearly indigent.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Doan and Sundermann, JJ.
[1] We note that the appellant's name appears as "Hollomon" in the notice of appeal and other documents. However, the appellant himself was "Holloman," and we use that spelling in this entry.