OPINION
{¶ 1} Defendant-appellant, Norman Jones, appeals his conviction in the Butler County Court of Common Pleas for rape.
{¶ 2} Appellant was indicted in 1998 on two counts of rape in violation of R.C. 2907.02(A)(1)(b). The charges stemmed from a course of conduct in the spring of 1998 during which appellant performed fellatio on a four-year-old boy while baby-sitting him. During that same period, appellant also had the victim perform fellatio on him. In October 1998, appellant pled guilty to one count of rape. In exchange for his guilty plea, the state agreed to dismiss the second count of rape. On December 10, 1998, following a sexual predator and sentencing hearing, the trial court found appellant to be a sexual predator and sentenced him to an eight-year prison term. On January 18, 2002, this court granted appellant leave to file a delayed appeal. On appeal, appellant raises three assignments of error.
{¶ 3} In his first assignment of error, appellant argues that the trial court failed to comply with Crim.R. 11(C) before accepting his guilty plea. Crim.R. 11(C)(2) provides the procedure a trial judge must follow when accepting a guilty plea in a felony case, and states:
 {¶ 4} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 5} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 6} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 7} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
{¶ 8} A trial court must strictly comply with the provisions of Crim.R. 11 that relate to constitutional rights. State v. Ballard
(1981), 66 Ohio St.2d 473, paragraph two of the syllabus. Although the trial court is not required to use the exact words of the rule, the record must show that the trial court explained these rights in a manner reasonably intelligible to the defendant. Id. With regard to the requirements of Crim.R. 11 that do not involve the waiver of a constitutional right, the court need only substantially comply with the rule. Id. at 476; State v. O'Connor, Butler App. No. CA2001-08-195, 2002-Ohio-4122.
{¶ 9} Upon thoroughly reviewing the record, we find that the trial court complied with Crim.R. 11 before accepting appellant's guilty plea. The record shows that the trial court engaged in a lengthy and thorough colloquy with appellant, who was represented by counsel, carefully questioning him to make sure he understood the implications of his plea and the rights he was waiving.
{¶ 10} The trial court informed appellant of the nature of the charge against him and the maximum penalty appellant might receive for the charge. The trial court also informed appellant that because of the nature of the offense, he would not be eligible for community control but rather would be sent to prison. The trial court explained to appellant that by pleading guilty, he was waiving his right to a trial by either a jury or a judge. The trial court enumerated and explained the specific constitutional rights that appellant would forfeit by pleading guilty. Each time, the trial court asked appellant if he understood. Each time, appellant replied that he did. The trial court also explained that by pleading guilty, appellant was admitting committing the offense. See Crim.R. 11(B)(1).
{¶ 11} Appellant stated that he had no difficulty understanding the English language, that he was not suffering from any physical or mental disease or defect, that he was not under the influence of drugs or alcohol, and that his plea was not the result of threats or promises. Appellant stated he was pleading guilty voluntarily.
{¶ 12} Based on the foregoing, we find that the trial court complied with Crim.R. 11 before accepting appellant's guilty plea in accordance with Ballard and O'Connor. Appellant's first assignment of error is overruled.
{¶ 13} In his second assignment of error, appellant argues that the trial court erred by conducting the sexual predator and sentencing hearing a day earlier than originally scheduled. Appellant alleges that "there is a clear indication that the defense was attempting to bring in one or more witnesses and was unable to have them appear."
{¶ 14} Although the trial court originally scheduled the sexual predator and sentencing hearing for December 11, 1998, the hearing took place, without objection, on December 10, 1998. Trial counsel was present at the hearing. The record does not reveal why or when the date was changed. Appellant asserts that by having the hearing held a day earlier, he was prevented from bringing witnesses. However, there is no evidence in the record that appellant's trial attorney was trying to bring witnesses. Nor is there evidence that his attorney was prevented from bringing witnesses. What the record shows is that trial counsel was trying to bring appellant's mother. When the hearing initially started, trial counsel successfully called for a half-hour recess so that appellant's mother could attend the hearing. There is no evidence that appellant's mother was going to be a witness. Nor is there any evidence that she did not in fact attend the hearing.
{¶ 15} In addition, as already noted, there is no record as to why the hearing was held a day earlier. "An appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters that are necessary to support the appellant's assignments of error." State v. Tillman (1997), 119 Ohio App.3d 449,454. In the absence of a transcript of the proceedings on this issue, this court has no choice but to presume the validity of the trial court's proceedings and affirm. Id.; Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Appellant's second assignment of error is accordingly overruled.
{¶ 16} In his third assignment of error, appellant argues that he was denied effective assistance of counsel.
{¶ 17} To support a claim of ineffective assistance of counsel, the defendant must first show that counsel's actions were outside the wide range of professionally competent assistance. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052. Second, the defendant must demonstrate that he was prejudiced by counsel's actions. Id. Trial counsel's performance will not be deemed ineffective unless the defendant shows that "counsel's representation fell below an objective standard of reasonableness," id. at 688, 104 S.Ct. 2052, and that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial court would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, 143, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. The defendant bears the burden of establishing both prongs before a reviewing court will deem trial counsel's performance ineffective. Strickland at 687,104 S.Ct. 2052.
{¶ 18} A properly-licensed attorney is presumed competent. Vaughnv. Maxwell (1965), 2 Ohio St.2d 299, 301. Any questions regarding the ineffectiveness of counsel must be viewed in light of the evidence against the defendant, Bradley at 142-143, with a "strong presumption that counsel's conduct falls within the wide range of professional assistance." Strickland at 689, 104 S.Ct. 2052. A presumption exists that "under the circumstances, the challenged action `might be considered sound trial strategy.'" Id.
{¶ 19} Appellant first alleges that his trial counsel was ineffective for failing to file a motion to suppress his confession on the grounds that his confession was involuntary and in violation of hisMiranda rights. It is well-established that a defendant's right to effective assistance of counsel does not require his trial counsel to file a motion to suppress where none of the defendant's constitutional rights were violated. State v. Lott (1990), 51 Ohio St.3d 160, 175, certiorari denied (1990), 498 U.S. 1017, 111 S.Ct. 591. "Where the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion."State v. Gibson (1980), 69 Ohio App.2d 91, 95.
{¶ 20} Upon reviewing the record, we find that trial counsel was not ineffective for failing to move to suppress appellant's confession. The record shows that appellant was read his Miranda rights at the beginning of the detective's questioning. The record also shows that the conditions under which the questioning was conducted were not oppressive and did not warrant the suppression of appellant's confession as involuntary. As no violation of appellant's constitutional rights occurred, filing a motion to suppress would have been futile. See Statev. Penn (1991), 61 Ohio St.3d 720. Trial counsel was therefore not ineffective for failing to file the motion.
{¶ 21} Appellant next alleges that trial counsel was ineffective for failing to object to the sexual predator hearing being held earlier than scheduled. Appellant contends that as a result of his failure to object, trial counsel was unprepared. Appellant also alleges that trial counsel was ineffective for failing to produce "even one witness" and appellant's mother at the hearing, and for failing to challenge a psychological evaluation of appellant.
{¶ 22} Contrary to appellant's assertion, there is no evidence in the record that his mother did not attend the hearing. With regard to trial counsel's failure to produce witnesses on behalf of appellant, it is well-established that a trial counsel's choice of witnesses with which to present evidence is a trial tactic. See State v. Hunt (1984),20 Ohio App.3d 310. To demonstrate prejudice, the defendant must establish that the testimony of the witness would have significantly assisted the defense and that the testimony would have affected the outcome of the case. See State v. Coulter (1992), 75 Ohio App.3d 219. As the record does not reflect what the substance of the potential witnesses' testimony would have been, appellant has failed to demonstrate that any prejudice arose from their absence. State v. Johnson (2000), 140 Ohio App.3d 385,394.
{¶ 23} Contrary to appellant's assertion, the record also shows that trial counsel was prepared for the hearing. The holding of the hearing a day earlier than originally scheduled appears to have made no difference. Trial counsel did challenge certain information contained in the psychological evaluation and the trial court noted trial counsel's objections. While trial counsel could have requested another psychological evaluation, nothing in the record suggests that another evaluation would have differed in any substantial degree from the evaluation admitted into evidence.
{¶ 24} On the issue of the sexual predator classification, trial counsel emphasized appellant's lack of prior criminal record, his law-abiding life, and his remorse. Trial counsel argued that appellant's offenses were an isolated accident, albeit horrible, which did not warrant a sexual predator adjudication. During the sentencing part of the hearing, trial counsel again emphasized appellant's lack of prior criminal record, his law-abiding life, and his remorse. Considering the evidence before the trial court, including the 44 year age disparity between appellant and the victim, the nature of the offense, appellant's use of his baby-sitter position to abuse the victim, and, contrary to trial counsel's assertion, appellant's lack of remorse, nothing in the record indicates that trial counsel could have done anything differently to change the outcome of the case.
{¶ 25} In light of all of the foregoing, we find that appellant cannot establish he was prejudiced by trial counsel's performance. We therefore find that appellant was not denied effective assistance of counsel. Appellant's third assignment of error is overruled.
{¶ 26} Judgment affirmed.
WALSH, P.J., and BROGAN, J., concur.
Brogan, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.