This appeal arises out of a judgment rendered by the Mahoning County Court of Common Pleas overruling Appellant's postconviction petition to vacate or set aside his sentence. For the following reasons, this Court overrules the assignment of error and affirms the lower court judgment. However, we remand the case to the trial court to obtain verification from Alabama to Appellant's days served there and order the trial court to credit these days to Appellant's Mahoning County, Ohio sentence.
On April 21, 1986, the Mahoning County Grand Jury indicted Appellant on the charge of murder with a gun specification in violation of R.C. 2903.02. Prior to this indictment, Appellant had been serving a sentence of approximately twenty-eight years in an Alabama correctional facility. Appellant's brief indicates that he had escaped from this Alabama facility and had warrants issued. However, the trial court in Mahoning County was unaware of Appellant's Alabama conviction and escape. On April 23, 1986, Appellant waived the reading of the indictment in Mahoning County and entered a plea of not guilty to the charge with benefit of court appointed counsel. The trial court appointed counsel for Appellant on further proceedings.
On September 23, 1986, Appellant, with counsel, signed a "Plea of Guilty" form withdrawing his not guilty plea and entered a plea of guilty to the amended charge of involuntary manslaughter without a gun specification in violation of R.C.2903.04. The form referenced that the court informed Appellant of his rights and waiver of those rights and the nature and maximum sentence for the reduced charge of involuntary manslaughter. The last paragraph on the form before Appellant's signature states that Appellant understood that he made his plea voluntarily and that no promises had been made to him to secure his plea. The form also contained a journal entry signed by the trial court indicating that the court accepted Appellant's plea and found that Appellant voluntarily, knowingly and intelligently understood his rights and waiver of rights in entering the plea.
On September 23, 1986, the court issued a judgment entry confirming acceptance of Appellant's plea and waiver and sentencing Appellant to an indefinite term of imprisonment of seven to twenty-five years for involuntary manslaughter. The entry indicated that the court inquired of Appellant regarding whether promises or threats were made to him to induce him to enter a plea of guilty and that Appellant denied that anyone made promises or threats. The entry also indicated that the court allowed Appellant and his counsel an opportunity to speak.
In the September 23, 1986 sentencing entry, the court also ordered its sentence to run concurrently with Appellant's Alabama sentence and ordered Appellant transported to Alabama after he waived extradition. The court also ordered that time served in the Youngstown and Mahoning County jails be credited to Appellant's sentence as well as all time served in Alabama upon Appellant's arrival in that state.
On January 14, 1994, the trial court issued a judgment entry ordering the local clerk's office to issue a warrant to convey to the Mahoning County Sheriff's office to transport Appellant to the appropriate correctional facility after the court was advised that Alabama had paroled Appellant and returned him to Mahoning County after he had completed serving his Alabama sentence. On February 28, 1994, Appellant filed a motion for jail credit in the trial court indicating that under R.C.2949.12, the court should order the Department of Rehabilitation and Correction to credit him with twenty-six days spent in the Youngstown City Jail, two-hundred seven days in the Mahoning County Jail and two-thousand six hundred eighty seven days in an Alabama correctional institution. On the motion for credit, Appellant had handwritten the facilities in which he had served time as well as the dates he served and the number of days served in each facility.
On June 9, 1994, the trial court issued an amended entry nunc pro tunc to its September 22, 1986 entry to credit Appellant with two-hundred thirty-eight days that he spent in the Mahoning County jail. However, the trial court overruled Appellant's request for credit on time served in any Alabama correctional facility because the court had no Alabama records to confirm the number of days in which Appellant served.
On November 20, 1995, Appellant filed a petition to set aside or vacate his sentence pursuant to R.C. 2953.21. Appellant argued that he entered a plea of guilty to involuntary manslaughter only because he understood that he would never serve time in Ohio and would complete his sentence in Alabama. Appellant indicated that all of the parties, including the prosecutor and the trial court judge, made this agreement in exchange for his guilty plea. On May 24, 1996, Appellant filed a motion for summary judgment on his petition to set aside or vacate his sentence indicating that he had not been afforded an opportunity to argue the merits of his petition.
On June 10, 1996, the trial court overruled Appellant's petition to set aside or vacate his sentence. The trial court held that it lacked authority to modify a sentence once that sentence has been executed and the prisoner is transported to the appropriate facility. The trial court also found that Appellant failed to demonstrate by the evidence that an understanding or agreement existed between he, the prosecution and the trial court judge that he would serve no time in Ohio or that any manifest injustice was created.
On July 9, 1996, Appellant filed a notice of appeal asserting the following assignment of error:
 "THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO SET ASIDE AND VACATE HIS SENTENCE PUSUANT [sic] TO O.R.C. 2953.21 WHERE THE APPELLANT WAS INDUCED TO PLEAD GUILTY AND THUS WAIVE SIGNIFICANT CONSTITUTIONAL RIGHTS, INCLUDING THE RIGHT TO A TRIAL BY JURY, THE RIGHT TO CONFRONT HIS ACCUSERS, THE RIGHT TO PRESENT WITNESSES IN HIS OWN DEFENSE, THE RIGHT TO REMAIN SILENT AND THE RIGHT TO BE CONVICTED ONLY BY PROOF BEYOND A REASONABLE DOUBT, UPON PROMISES THAT HIS STATE OF OHIO AND STATE OF ALABAMA SENTENCES WOULD RUN CONCURRENTLY AND WHERE THE OHIO PAROLE BOARD CAUSES THE TERMS OF IMPRISONMENT TO BE DE FACTO RUN CONSECUTIVELY AND THE ACTUAL PRISON TERM SERVED BY THE APPELLANT IS CONSIDERABLY LONGER THAN THE PRISON TERM CONTEMPLATED BY THE PLEA BARGAIN AGREEMENT."
Appellant argues that Santobello v. New York (1971),404 U.S. 257, 262 and State v. Milanovich (1975), 42 Ohio St.2d 46 apply to render his plea invalid because he entered his plea in reliance upon assurances from the prosecution and the trial court that were unfulfilled. Appellant alleges that the prosecution and the trial court assured him that if he admitted guilt that he would serve concurrent sentences and would not serve any time in Ohio.
Appellant correctly sets forth the law in Santobello that a prosecutor must fulfill a promise or agreement made in consideration of a plea agreement. However, Appellant fails to demonstrate by any evidence whatsoever that an agreement existed between he, the prosecution and the trial court regarding serving no time in the State of Ohio. Postconviction relief hearings are not automatically granted. State v.Blankenship (1996), 115 Ohio App.3d 512, 517, quoting State v.Jackson (1980), 64 Ohio St.2d 107, 110. R.C. 2953.21(C) states that:
 "Before granting a hearing on a petition filed * * * the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records to the clerk of the court, and the court reporter's transcript."
The defendant carries the burden of presenting sufficient evidence regarding his postconviction claims. State v. Aldridge
(1997), 120 Ohio App.3d 122, 136. In State v. Kapper, the Ohio Supreme Court held that a trial court can dismiss a petition for postconviction relief without hearing when the record, "* * * including the dialogue conducted between the court and the defendant pursuant to Crim.R. 11, indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises." (1983), 5 Ohio St.3d 36, 38. In assessing the voluntariness of a plea, an appellate court must carefully scrutinize any trial court participation in the plea bargaining process. State v. Byrd (1980), 63 Ohio St.2d 288,293. Appellant provides no evidence of an agreement regarding a promise that he would serve no time in Ohio or of any participation of the trial court in the plea bargaining process.
In support of his postconviction relief petition, Appellant submitted only his own affidavit and the judgment entry of the trial court accepting his plea and sentencing him to an indefinite sentence to run concurrently with his sentence in Alabama. The trial court's judgment entry is comprehensive and includes concurrent sentencing language. However, no evidence in this comprehensive entry or the record suggests that an agreement of any kind was made regarding a promise that Appellant would serve no time in Ohio. Although we are aware that plea agreements can and usually involve matters outside of the record, Appellant provides not even an indicia of evidence regarding an agreement or understanding that he would serve no time in Ohio. While Appellant filed his own affidavit regarding the existence of such an agreement, this is insufficient evidence to mandate a postconviction hearing. In State v.Combs, the court held that "* * * evidence out of the record in the form of petitioner's own self-serving affidavit alleging a constitutional deprivation will not compel a hearing." (1994),100 Ohio App.3d 90, 98 citing State v. Kapper (1983),5 Ohio St.3d at 37-38.
Further, Appellant neither requested nor filed a transcript of the plea or sentencing hearing for this Court to review to determine if any evidence exists of an agreement that he would serve no time in Ohio. An appellant has the duty to provide the transcript for appellate review because the burden is on him to show error by referring to matters in the record. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Further, it has been held that "[a] criminal defendant whose conviction is no longer subject to appellate review has no unqualified right to a transcript at state expense." State v. Roberts
(1991), 66 Ohio App.3d 654, 656-657, citing State v. McMinn
(Dec. 8, 1982), Medina App. No. 1176, unreported, citing State,ex rel. Vitoratos v. Yacobucci (1970), 22 Ohio St.2d 206, certiorari denied (1970), 400 U.S. 966. In the absence of a transcript, this Court assumes that the trial court acted correctly and assumes the regularity of the lower court proceedings. Knapp, 61 Ohio St.2d at 199-200. If a transcript is unavailable, Appellant could exercise other options in lieu of filing a transcript, specifically App. R. 9(C) and (D). In the instant case, Appellant exercised none of the above options.
Despite the lack of a transcript on the plea acceptance and sentencing hearings, the record of the lower court proceedings supports compliance with Crim.R. 11 and negates any finding that an agreement was made that Appellant would serve no time in Ohio upon his plea to involuntary manslaughter. In the "plea of guilty" form signed by Appellant, the paragraph above Appellant's signature states that Appellant is certifying that no one has made him a promise to induce his plea. The comprehensive judgment entry accepting Appellant's plea also indicates that upon the court's inquiry, Appellant represented that no threats or promises were made to him to induce his plea other than what was represented regarding the reduced charge and concurrent sentencing. The trial court also gave Appellant and his counsel opportunities to address the court but they failed to mention this additional promise. Therefore, Appellant's assignment of error is overruled based upon his failure to provide this Court with any evidence demonstrating that the prosecution and the trial court induced him to plead guilty with an unfulfilled promise.
Although we overrule Appellant's assignment of error, we agree that the trial court should have credited Appellant with those days served in the Alabama correctional facilities. The trial court overruled Appellant's motion for such credit based upon its lack of official documentation from Alabama substantiating the number of days that Appellant served there. However, the trial court's September 23, 1986 sentencing entry specifically orders that Appellant receive credit "on this sentence for all time served in Alabama commencing on the date he arrives in Alabama as provided above."
A trial court must calculate the correct number of days to credit to a defendant's sentence and must include it in the sentencing entry. State v. Gregory (1995), 108 Ohio App.3d 264,267-268. If a trial court fails to so act, a defendant may appeal the inaction. See Crim.R. 32.2(D); State ex rel. Corderv. Wilson (1991), 68 Ohio App.3d 567. Crim.R. 32.2(D) mandates that a trial court "forward a statement of the number of days confinement which the defendant is entitled by law to have credited to his minimum and maximum sentence." Although the Adult Parole Authority actually credits the time served to the defendant's sentence, it is the sentencing court who determines the actual amount of time to credit. Gregory,108 Ohio App.3d at 267, citing State ex rel. Corder v. Wilson (1991), 68 Ohio App.3d 567,572. Although these cases do not specifically deal with the crediting issue addressed in the instant case, we find them persuasive to impose a duty upon the trial court in this case to assess, verify and credit Appellant with the time served in confinement in Alabama because it ordered credit given on the Alabama sentence to the Ohio sentence. By denying Appellant credit for the time he served in Alabama, the trial court not only acted in contravention with its own sentencing entry, but also caused the Alabama and Ohio concurrent sentences to run, de facto, consecutively. Therefore, we remand this case to the trial court for the sole purpose of amending its entry to credit Appellant with time served in Alabama after obtaining verification of the actual number of days served there.
For the foregoing reasons, this Court affirms the trial court judgment overruling Appellant's postconviction petition for relief. However, we order the case remanded to the trial court for the limited purpose of amending its entry to credit Appellant with time served in Alabama after obtaining verification of the number of days that Appellant served there.
Hon. Cheryl L. Waite, Hon. Edward A. Cox, Hon. Joseph J. Vukovich, JUDGES.
Cox, J., concurs.
Vukovich, J., concurs.
APPROVED:
 ------------------------- CHERYL L. WAITE, JUDGE