The State, ex rel. Vitoratos, *v.* Yacobucci, Clerk, Common Pleas Court of Summit County.

[Cite as State, ex rel. Vitoratos, v. Yacobucci (1970), 22 Ohio St. 2d 206.]

(No. 70-35—Decided May 27, 1970.)

*Mr. William Vitoratos, in propria persona.*

*Mr. James V. Barbuto*, prosecuting attorney, and *Mr. Harold K. Stubbs*, for respondent.

*Per Curiam.* In this case in mandamus, originating in this court, relator, William Vitoratos, seeks to compel the Clerk of Courts of Summit County to "certify" certain papers "as being true and accurate copies of the originals on file in his office" and "to return same to the petitioner

forthwith.'' The papers sought to be so ''certified'' pertain to relator's arraignment, trial and sentence and appeal as to the offense of sodomy.

This same relator brought a somewhat similar action against this same respondent in this court on a prior occasion, the writ being denied. See *State, ex rel. Vitoratos,* v. *Yacobucci* (1962), 173 Ohio St. 462. We held therein that there is no requirement that the state ''furnish an indigent prisoner copies of records free of charge, where such prisoner has exhausted his remedy of appeal.''

The instant case differs from the 1962 case only to the extent that, at the time of the filing of his petition in this court, relator had pending in the Common Pleas Court of Summit County a petition for vacation of the judgment of conviction. Apparently it was relator's belief that such a ''certification'' would be necessary to bring before the court in the postconviction hearing the records of the prior proceedings. Such ''certification'' by the clerk is not required in postconviction proceedings under R. C. 2953.21. This statute, paragraph (C), specifically authorizes the court to consider ''in addition to the petition and supporting affidavit, all the files and records pertaining to the proceedings against the petitioner including but not limited to the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript.''

Since the time of the filing of the petition for mandamus in this court, the Common Pleas Court of Summit County on ''examination of the entire record'' has denied postconviction relief. Relator's remedy, if any, is by way of appeal from that judgment.

Moreover, and even assuming some duty on the part of the clerk of courts to ''certify'' the prior records to the court hearing the postconviction case (but note that R. C. 2953.03 provides only for delivery by the clerk of court of ''a complete certified transcript of the record and docket entries and entries on the journal together with the original papers in the case'' to the ''clerk of the *reviewing court*''),

there is no requirement that the clerk "certify" and return or deliver to the person convicted other "copies" of such records. In another action by this same relator (*State, ex rel. Vitoratos,* v. *Walsh* [1962], 173 Ohio St. 467), we stated:

"* * * neither the statutes nor the decision in *State* v. *Frato, supra* [168 Ohio St. 281], requires that the state furnish a copy of such a transcript of testimony to the parties in addition to the one which of necessity must be filed in the Court of Appeals."

As recently as April 1, 1970, this court denied a writ of mandamus, sought by the same relator, on the basis that "The state is not required to furnish multiple copies of the bill of exceptions to defendant." *State, ex rel. Vitoratos,* v. *Morris,* 22 Ohio St. 2d 3.

It is axiomatic that, before a writ of mandamus may issue, a relator must establish a clear legal right thereto. Concluding, as a matter of law, that relator has no right to the relief he seeks, the writ is denied.

*Writ denied.*

O'NEILL, C. J., LEACH, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.