The STATE of Ohio, Appellee,

v.

ROBERTS, Appellant.

[Cite as *State v. Roberts* (1991), 66 Ohio App.3d 654.]

Court of Appeals of Ohio,
Lorain County.

No. 91CA005001.

Decided Oct. 9, 1991.

*Gregory A. White,* Prosecuting Attorney, for appellee.

*Roger Roberts, pro se.*

---

CACIOPPO, Judge.

Appellant, Roger Roberts, appeals from the trial court's denial of his petition for postconviction relief.

Roberts filed his notice of appeal on February 4, 1991. This court dismissed the appeal on May 22, 1991, after Roberts failed to timely file his brief. On July 9, 1991, this court granted Roberts' motion for reconsideration, stating that it would consider Roberts' notice of appeal, which incorporated the assignments of error, as Roberts' brief. Roberts has also filed a document entitled "Defendant–Appellants [*sic*] Pro Se Brief" which we will review in conjunction with the notice of appeal.

### Assignment of Error No. 2

"The court erred in denying appellant [*sic*] motion for defaut [*sic*] or summary judgment under O.R.C. section 2953.21 Subsection (D) and section 2311,041 [*sic*] of the Ohio Revised Code, when the prosecuting attorney failed

to comply with O.R.C. section 2953.21 subsection (D) in his failure to repond [*sic*] by demurrer, answer or motion."

Roberts' argument assumes that a response by the state is mandated by R.C. 2953.21(D). R.C. 2953.21(D), the provision setting forth the time period for the state's response, is directory rather than mandatory. *State v. Binns* (Mar. 10, 1988), Franklin App. No. 87AP–241, unreported, 1988 WL 29527; *State v. Kerr* (July 30, 1990), Warren App. No. CA89–10–062, unreported, 1990 WL 107305. An appellant cannot compel the prosecutor to respond to his petition, but rather, should resort to requesting the trial court to proceed on his motion without the prosecutor's response. *State v. Jordan* (Aug. 11, 1989), Trumbull App. Nos. 3893 and 3972, unreported, 1989 WL 92101, citing *State, ex rel. Manning, v. Montgomery* (1988), 39 Ohio St.3d 140, 529 N.E.2d 935.

Summary judgment pursuant to R.C. 2953.21(D) is appropriate only if the right thereto appears on the face of the record. *State v. Walden* (1984), 19 Ohio App.3d 141, 147, 19 OBR 230, 236, 483 N.E.2d 859, 866. Furthermore, a defendant may not obtain a default judgment in a postconviction proceeding. *State v. Sklenar* (Aug. 28, 1991), Lorain App. No. 5008, unreported, 1991 WL 168591. We have reviewed the record, Roberts' motion for summary judgment, Roberts' request for postconviction relief, and do not believe that Roberts established a right to summary judgment on the face of the record.

Assignment of Error No. 2 is overruled.

### Assignments of Error Nos. 3 and 4

"3. The trial court erred by overruling its own order providing appellant with a copy of his trial transcript, once the court had previously granted appellants [*sic*] motion for the transcript when it was needed for an effective defense in the post conviction action.

"It is clear that due process and equal protection demand that indigent prisoners must be provided with the transcript when it is needed for an effective defense, in this case the court had granted such motion for transciript [*sic*], and then denied such motion after it had previously granted such motion.

"4. The trial court erred in its denying appellant counsel during the postconviction action."

Postconviction relief is a civil proceeding. *State v. Harvey* (1980), 68 Ohio App.2d 170, 22 O.O.3d 235, 428 N.E.2d 437. A criminal defendant whose conviction is no longer subject to appellate review has no unqualified right to a transcript at state's expense. *State v. McMinn* (Dec. 8, 1982), Medina App.

No. 1176, unreported, 1982 WL 5171, citing *State, ex rel. Vitoratos, v. Yacobucci* (1970), 22 Ohio St.2d 206, 51 O.O.2d 283, 259 N.E.2d 120, certiorari denied (1970), 400 U.S. 966, 91 S.Ct. 378, 27 L.Ed.2d 386. Furthermore, a petitioner in a postconviction relief proceeding has no right to counsel. *State v. Mapson* (1987), 41 Ohio App.3d 390, 391, 535 N.E.2d 729, 730.

The third and fourth assignments of error are overruled.

### Assignment of Error No. 5

"The courts [*sic*] accepance [*sic*] of the guilty plea of the appellant should have been reversed because the court did not fully and adequately explain to the appellant the nature of the charges to which he plead [*sic*] guilty nor did the court adequately explain his constitutional rights and as a result the appellant did not knowingly and voluntarily enter his plea, nor [*sic*] did the court and appellants [*sic*] attorney fully and adequately explain the Ohio Revised Code section 2941.25 Multipe [*sic*] counts, and [*sic*] that appellants [*sic*] attorney failed to assert the pritections [*sic*] of the Ohio Revised Code section 2941.25."

Roberts has failed to provide this court with a transcript of the trial court's acceptance of his guilty pleas. The appellant has the duty of providing a transcript for appellate review because the burden is necessarily on the appellant to show error by reference to matters in the record. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 220, 400 N.E.2d 384, 385. In the absence of a complete record "it will be presumed that omitted evidence supports the finding or conclusion" of the trial court. *In re Adoption of Foster* (1985), 22 Ohio App.3d 129, 131, 22 OBR 331, 332, 489 N.E.2d 1070, 1072.

The fifth assignment of error is overruled.

### Assignment of Error No. 1

"The trial court erred in its findings of fact and conclusions of law, by denying appellant an [*sic*] full and opportunity for full and fair litigation of appellants [*sic*] claims, and that the court has denied appellant as an imate [*sic*] access to the court, under and pursuant to the Ohio Revised Code section 2953.21 Post–Conviction relief."

It appears that Roberts' contention in this assignment of error is that the trial court somehow denied him access to the courts. A review of the record indicates to the contrary as the trial court clearly complied with R.C. 2953.21 in assessing Roberts' postconviction claims.

The first assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and REECE, J., concur.