OPINION
Appellant, Randall Eugene Wallen, appeals from a decision of the Clermont County Court of Common Pleas that denied his petition for postconviction relief without a hearing.
On August 4, 1988, appellant was indicted by a Clermont County Grand Jury for two counts of aggravated murder with three specifications as to each count, two counts of kidnapping with firearm specifications as to each count, and one count of aggravated robbery with a firearm specification. Appellant subsequently entered into plea negotiations with the state and agreed to plead guilty to all five counts. In return, the state agreed to drop all specifications contained in the indictment except the firearm specification for the aggravated robbery count.
The trial court accepted appellant's guilty plea on November 18, 1988 and sentenced him to consecutive sentences for all five counts. On direct appeal, this court found that the two counts of aggravated murder and two counts of kidnapping were allied offenses of similar import so that the trial court erred in convicting and sentencing appellant for each count. State v. Wallen (Sept. 18, 1989), Clermont App. No. CA88-12-091, unreported. Accordingly, we remanded the case to the Clermont County Court of Common Pleas for resentencing. Upon remand, the trial court sentenced appellant to life with parole eligibility after twenty years for one count of aggravated murder, eight to twenty-five years for one count of kidnapping, seven to twenty-five years for one count of aggravated robbery, and three years for the firearm specification. All sentences are to run consecutively to each other.
Appellant filed a petition for postconviction relief on September 19, 1996, asserting that his conviction was void because he was denied his right to a speedy trial, was denied his right to be sentenced by a three judge panel, was denied his right to effective assistance of trial counsel, and was incompetent to plead guilty. The prosecuting attorney, on behalf of the state of Ohio, failed to file a response to appellant's petition. On November 26, 1996, appellant filed a motion for summary judgment. On January 6, 1997, appellant filed a motion to compel the trial court to render a decision upon his petition. On February 11, 1997, the trial court issued a decision that denied appellant's petition without a hearing.
On appeal, appellant assigns the following two assignments of error:
Assignment of Error No. 1:
 The Common Pleas Court erred to the prejudice of Petitioner-Appellant by improperly using, as a bar for dismissing his Post-Conviction Petition, the Doctrine of Res Judicata.
Assignment of Error No. 2:
 The Common PLeas Court erred to the prejudice of Petitioner-Appellant by not granting his Evidentiary Hearing.
In his first assignment of error, appellant asserts that the trial court erroneously relied upon the doctrine of res judicata in denying his petition. The trial court found that appellant's claims that he was denied his right to a speedy trial, his right to a three judge panel, and his right to effective assistance of trial counsel could have been raised on direct appeal. Therefore, the trial court found that these claims were barred by the doctrine of res judicata. Appellant argues that the trial court erred in relying upon res judicata as a bar to his claims, because res judicata is an affirmative defense, pursuant to Civ.R. 8(C), that was never raised by the state.
Although the Rules of Civil Procedure generally apply to postconviction proceedings, the specific procedures of R.C.2953.21 take priority where they conflict with the Civil Rules. State v. Lawson (1995), 103 Ohio App.3d 307, 313. Before granting a hearing on a petitioner's claim for postconviction relief, R.C.2953.21(C) explicitly requires the trial court to look beyond the petition and examine the record in order to determine whether there are substantive grounds for relief. The trial court must independently review the record and address the substance of a petitioner's claims regardless of whether the state responds to his petition for postconviction relief. State v. Johnson (Apr. 17, 1997), Scioto App. No. 96CA2441, unreported; State v. Witwer (Aug. 11, 1994), Licking App. No. 94-CA-17, unreported; State v. Fluker (May 18, 1994), Lorain App. No. 94CA005793, unreported.
A petitioner cannot compel the prosecutor to respond to his petition, but, rather, should resort to requesting the trial court to proceed on his motion without the prosecutor's response. State ex rel. Manning v. Montgomery (1988), 39 Ohio St.3d 140; State v. Sklenar (1991), 71 Ohio App.3d 444, 446. Thus, R.C.2953.21(D), the provision setting forth the time period for the state's response,[1] is directory rather than mandatory. State v. Roberts (1991), 66 Ohio App.3d 654, 656; State v. Kerr (July 30, 1990), Warren App. No. CA89-10-062, unreported.
A review of the record reveals that the trial court complied with R.C. 2953.21(C) and properly dismissed several of appellant's claims based upon the res judicata doctrine. Pursuant to the res judicata doctrine, a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the rights of the parties determined in the judgment. State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus; State v. Hackney (Jan. 13, 1997), Clermont App. No. CA96-08-071, unreported. If the trial court concludes, upon a review of the record, that a petitioner, represented by counsel, could have raised his allegations, either at trial or on direct appeal, the court may properly dismiss a petition for postconviction relief without a hearing. Id.
In the present case, the record shows that appellant could have raised his claims that he was denied his right to a speedy trial, his right to a three judge panel, and his right to effective assistance of trial counsel on appeal. Therefore, the trial court did not err in dismissing these claims without a hearing based upon the doctrine of res judicata. Accordingly, appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that since the state failed to respond to his petition, his allegations were uncontested and should have been accepted as true, pursuant to Civ.R. 8(D), so that he fulfilled the evidentiary requirement for a hearing. Civ.R. 8(D) provides that averments in a pleading to which a responsive pleading is required are admitted when not denied in the responsive pleading. Civ.R. 8(D) further provides that when a responsive pleading is not required, averments in a pleading shall be taken as denied or avoided.
A petitioner in a postconviction proceeding cannot obtain a default judgment where the state fails to respond to his petition. Sklenar, 71 Ohio App.3d at 447; Roberts,66 Ohio App.3d at 656. Likewise, a petitioner cannot obtain a hearing by default. The state should respond to a petition for postconviction relief. However, as discussed in appellant's first assignment of error, the state's duty to respond pursuant to R.C.2953.21(D) is discretionary. Further, pursuant to R.C.2953.21(C), the trial court must look beyond the petition and examine the record in order to determine whether there are substantive grounds for relief that warrant a hearing, regardless of whether the state responds. Therefore, since a responsive pleading is not "required" in a postconviction proceeding, appellant's argument is without merit. See Fluker, Lorain App. No. 94CA005793 at 3-4.
Appellant claimed that he was incompetent to plead guilty because he was under the influence of drugs. Appellant did not submit any evidence in support of his claim except the self-serving and conclusory statements contained in his petition. Further, a review of the record shows that appellant's plea was knowing, intelligent, and voluntary. Therefore, appellant failed to submit evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief, and the trial court properly dismissed his petition without a hearing. See State v. Kapper (1983), 5 Ohio St.3d 36, 38, certiorari denied (1983), 464 U.S. 856, 104 S.Ct. 174; State v. Jackson (1980), 64 Ohio St.2d 107, 110. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] R.C. 2953.21(D) provides:
 Within ten days after the docketing of the petition, or within such further time as the court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion. Within twenty days from the date the issues are made up, either party may move for summary judgment. The right to such judgment shall appear on the face of the record.