DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Thomas Lee Sensor appeals from the decision of the Summit County Court of Common Pleas denying his petition for postconviction relief. We affirm.
In April 1992, Sensor was indicted by the Summit County Grand Jury on one count of felonious assault, one count of breaking and entering, one count of having a weapon under a disability, one count of possession of criminal tools, one count of vandalism, and one count of aggravated burglary. Each count also had at least one accompanying specification. Sensor pled not guilty and moved to suppress evidence. The Summit County Court of Common Pleas denied Sensor's motion. On July 29, 1992, as part of a plea agreement, Sensor pled guilty to aggravated assault, having a weapon under a disability, possessing criminal tools, vandalism, and burglary, and six specifications. The breaking and entering charge and two other specifications were dismissed. Before sentencing, Sensor moved to withdraw his guilty plea. The trial court denied the motion and sentenced Sensor on August 13, 1992. No appeal was taken from the denial of the motion to suppress. In January 1996, Sensor moved this court for a delayed appeal from the denial of his motion to withdraw the guilty plea. The motion for a delayed appeal was denied.
On May 23, 1994, Sensor again moved to withdraw his guilty plea. The trial court denied the motion. No appeal was taken.
On September 13, 1996, Sensor filed a petition for postconviction relief, pursuant to R.C. 2953.21. The trial court denied the petition on July 1, 1997. This appeal followed.
Sensor asserts one assignment of error:
 IT IS ERROR AND CONSTITUTIONAL VIOLATION [sic] OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AND EIGHTH AMENDMENT [sic] TO THE U.S. CONSTITUTION WHEN RELIEF IS NOT GRANTED AFTER DEMONSTRATING COUNSEL WAS INEFFECTIVE FOR COAXING OR MANEUVERING A DEFENDANT INTO ENTERING A GUILTY PLEA TO FELONIOUS ASSAULT AND/OR BURGLARY WHEN EVIDENCE WAS SUBMITTED TO TRIAL COURT THAT AT A MINIMUM THE ONLY OFFENSE OR VIOLATION OF THE LAW WAS A CRIMINAL DAMAGE [sic] AND/OR ATTEMPTED BURGLARY.
Sensor argues that he received ineffective assistance of counsel when his attorney counseled him to enter a guilty plea. In support of his argument, Sensor tenders a letter from his first court-appointed attorney (who withdrew at Sensor's request) to his second court-appointed attorney (who Sensor later tried to discharge as well). In the letter, Sensor's first attorney briefs his successor on Sensor's case, including his estimation of the facts. Sensor contends that his second attorney should not have counseled him to plead guilty to certain charges when the facts contained in the letter from his first attorney demonstrate that Sensor was not guilty of those offenses.
In State v. Mathis (Apr. 30, 1997), Lorain App. No. 96CA006448, unreported, this court reviewed the issue of ineffective assistance of counsel claims in the context of a guilty plea.
 On postconviction review, a hearing is warranted on petitioner's accusation that defense counsel deprived him of his constitutional right to reasonably effective assistance if the petitioner raises sufficient operative facts to indicate that "his attorney's performance falls below an objective standard of reasonable representation and the defendant is prejudiced as a result." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. Thus, the petitioner must "submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness." State v. Jackson
[(1980), 64 Ohio St.2d 107, 111]. (Emphasis omitted.) When an allegation of ineffective counsel is made in the context of a guilty plea, proving "prejudice" means showing there is a reasonable probability that, but for counsel's error, the petitioner would not have pled guilty and instead would have insisted upon going to trial. See Hill v. Lockhart (1985), 474 U.S. 52, 58-59, 88 L.Ed.2d 203, 210. * * *
 In determining whether the alleged ineffectiveness of defense counsel caused a defendant to plead guilty, a court will look to the totality of the circumstances, including the Crim. R. 11 dialogue, the delay in asserting withdrawal, any protestations of innocence, and the significance of the plea bargain. See State v. Kapper (1983), 5 Ohio St.3d 36, 39, certiorari denied, 464 U.S. 856, 78 L.Ed.2d 157.
Id. at 8-9.
We first note that Sensor has not provided this court with a transcript of his plea hearing. It is incumbent upon an appellant to provide a transcript of proceedings for appellate review.State v. Roberts (1991), 66 Ohio App.3d 654, 657. In the absence of the transcript, we have no choice but to presume regularity in the trial court's proceedings. Id. Therefore, we must presume that the trial court fully complied with Crim.R. 11 in accepting Sensor's guilty plea.
Under the totality of the circumstances, Sensor has not adduced sufficient operative facts to show that counsel's performance was deficient. Sensor's only evidence supporting his argument is a self-serving affidavit, and a letter from one attorney he discharged to another attorney he later attempted to discharge. The letter only discloses the first attorney's impression of the facts of Sensor's case. Sensor has not submitted any evidence confirming the first attorney's characterization of the evidence in Sensor's case. There is no evidence that his second attorney failed to properly investigate the facts of the case. In short, Sensor has not overcome the presumption that an attorney properly licensed in Ohio is competent. State v. Hamblin (1988), 37 Ohio St.3d 153, 155-56. Sensor has not presented evidence demonstrating "substantive grounds for relief." R.C. 2953.21(C). Accordingly, Sensor's assignment of error is overruled.
Sensor's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ JOHN W. REECE
FOR THE COURT
BAIRD, P. J.
DICKINSON, J.
CONCUR.