Petition for Writ of prohibition was filed by pro-se
Relator on October 30, 1998. The gravamen of the petition is Relator seeking an order to compel production of hearing transcripts at state expense in order that Relator may pursue an appeal.
The clerk's docket record reflects that on September 23, 1998, in Common Pleas Case No. 96-CR-210, captionedState of Ohio v. Brian Williams a.k.a.Little, Respondent filed an entry denying Relator's motion for transcripts.
While styled as a writ in prohibition to correct the Respondent and to provide Relator the requested transcripts, the nature of the petition more appropriately sounds in mandamus to compel the lower court to provide the requested transcripts at state expense.
The clerk's docket record for Common Pleas Case No. 96-CR-210 reveals that in exchange for dismissal of a specification of a prior crime of violence on each count, the Relator pled guilty on June 4, 1996, to seven counts of felonious assault. On August 7, 1996, the Relator was sentenced on the first 3 counts to consecutive 3 to 15 years indefinite term of incarceration. For the remaining 4 counts Relator was sentenced to an indefinite term of 3 to 15 years incarceration. Firearm specifications were merged and a definite 3 year term was to be served before the sentences for felonious assault. The lower court further ordered that the term of imprisonment be 9 to 45 years consecutive to the 3 year firearm specification. Credit was given for 318 days spent in jail. No timely direct appeal was filed.
However, on November 14, 1996, a motion for leave to appeal was filed and assigned Appeals Case No. 96 C.A. 213. On January 16, 1997 this court dismissed the appeal as untimely filed. The clerk's docket record reflects that Relator has no active case pending before the common pleas court or this court.
On November 16, 1998 the Respondent filed a motion to dismiss this petition, asserting that it is well settled that a criminal defendant whose conviction is no longer subject to appellate review has no unqualified right to a transcript at state expense. State v. Roberts (1991), 66 Ohio App.3d 654.
Further, the syllabus to State ex rel. Knight v. Tyack
(1982), 5 Ohio App.3d 136, states:
 "A writ of mandamus will not be granted to compel the issuance of a transcript of trial proceedings at state expense where relator has no appeal pending in the court of appeals."
As stated above, the Relator's attempt to file a delayed appeal (Case No. 96 C.A. 213) was disallowed, as the sentencing entry reflected that the Relator was advised of his right to appeal as required under Crim.R. 32.
Moreover, Relator has no active postconviction proceeding pending before the sentencing court.
Absent a pending action before the common pleas court or this court, the clear established case law is that the Relator is not entitled to the ultimate relief requested, production of the change of plea and sentencing hearing transcripts at state expense. Respondent's motion to dismiss is sustained.
Petition dismissed. Costs taxed against Petitioner.
Final order. Clerk to serve copy on counsel or unrepresented party.
 _________________________ GENE DONOFRIO, JUDGE
 _________________________ JOSEPH J. VUKOVICH, JUDGE
 _________________________ CHERYL D. WAITE, JUDGE