OPINION
Plaintiff-appellant Carol A. Pisani, pro se, nka Carol A. Catalano, appeals from the trial court's order of September 20, 1999. For the reasons adduced below, we affirm.
Prior to initiating our formal review, we note that the record is of biblical proportions contained in four storage boxes commonly referred to as "bankers' boxes." These parties were divorced in 1994. History reflects that Carol Pisani initiated the vast majority of the filings before the appellate courts of this State.[1] The parties, in particular Carol Pisani actingpro se, have demonstrated that they are among the most litigious group of litigants who have graced the courts of Ohio.[2] See Appendix for a listing of the litigation involving one, or both, of the parties.[3]
A review of the record on appeal indicates that on March 19, 1999, with prior leave of court, plaintiff filed the following motions: (1) motion for psychological evaluation of her son, Kyle Pisani[4] [motion no. 22410]; (2) motion for weekly supervised (supervision to consist of the maternal grandparent) dinner visitation with her son, Kyle Pisani [motion no. 22411]; and, (3) motion for findings of fact and conclusions of law [motion no. 22412]. The trial court heard these motions over a period of five days between May 21 to July 9, 1999. During these hearings, in which only the plaintiff's case was presented, the defendant-appellee and custodial parent, Glenn T. Pisani, made an oral motion at the close of plaintiff's evidence for directed verdict (which actually argued for involuntary dismissal pursuant to Civ.R. 41[B] [2]), which the court held in abeyance pending the filing of a formal written motion. Pursuant to this instruction, the defendant filed on August 2, 1999, a motion to involuntarily dismiss plaintiff's motions pursuant to Civ.R. 41 (B) (2).
On September 20, 1999, the trial court issued its ruling denying the subject motions. See Journal Vol. 3455, page 846-847. In pertinent part, this order appealed from states:
* * *
 * * * The Court, based on all the evidence heretofore adduced in the instant manner, as well as the law and argument put forth by the parties herein, finds that:
 1. Plaintiff's Motions to Modify Visitation and for Therapy . . . are not well taken and the same are denied.
 2. Defendant's Motion to Dismiss Plaintiff's Motions to Modify Visitation and for Therapy, made pursuant to Ohio Rule of Civil Procedure 41 (B) (2) is granted;
 3. That any degree of visitation or contact had by Plaintiff with Kyle Pisani would not be in the best interest of Kyle Pisani;
 4. The Plaintiff's behavior and demeanor with respect to Defendant Glenn T. Pisani, Carly Pisani, and Kyle Pisani has remained unchanged since the final decrees of divorce were entered in the instant matter in May and October of 1994; * * *
The plaintiff-appellant presents ten (10) assignments of error for review. These assignments provide:
 1. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR THERAPY AND/OR VISITATION RIGHTS THAT WOULD CONSIST OF WEEKLY SUPERVISED DINNERS WITH HER SON KYLE.
 2. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR AND ABUSED ITS DISCRETION WHEN IT WROTE THAT APPELLANT'S BEHAVIOR AND DEMEANOR WITH RESPECT TO DEFENDANT GLENN PISANI, CARLY PISANI AND KYLE PISANI HAS REMAINED UNCHANGED SINCE THE FINAL DECREE OF DIVORCE IN MAY 1994 AS ITS WRITTEN FINDING OF FACT AND OPINION AS BEING AN INSUFFICIENT FINDINGS ACCORDING TO CIV.R. 52 OF R.C. 3109.05.1 (F) (1), WITH NO EVIDENCE OR FACTS PRESENTED TO SUPPORT IT.
 3. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR AND ABUSED ITS DISCRETION WHEN IT NAMED CARLY PISANI IN ITS JOURNAL ENTRY WHEN IN FACT SHE IS 19 YEARS OLD AND WAS NEVER A PARTY TO THE MOTIONS BEFORE THE COURT IN REGARDS TO THERAPY AND WEEKLY DINNERS WITH APPELLANT AND KYLE.
 4. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR AND ABUSED ITS DISCRETION WHEN IT RULED THAT THERAPY AND/OR WEEKLY DINNERS FOR APPELLANT AND KYLE PISANI WOULD NOT BE IN HIS BEST INTEREST OF KYLE WHEN THE WEIGHT OF THE TESTIMONY OF DR. SANDRA McPHERSON AND DR. WEINSTEIN CLEARLY STATED THAT IT WOULD BE IN THE BEST INTEREST OF KYLE TO HAVE CONTACT WITH HIS MOTHER.
 5. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR AND ABUSED ITS DISCRETION WHEN IT STATED THAT APPELLANT'S BEHAVIOR AND DEMEANOR HAD NOT CHANGED SINCE 1994 WITH NO EVIDENCE PRESENTED, WHICH, IF TRUE, THE COURT RECORD WOULD INCLUDE EVIDENCE OF MOTIONS TO SHOW CAUSE FILED AND CONTEMPTS (sic) JOURNALIZED WITH NONE PRESENT AND NO TESTIMONY GIVEN OR MADE AVAILABLE BY DEFENDANT TO THE COURT THAT APPELLANT'S BEHAVIOR WAS NOT IN THE BEST INTEST (sic) OF KYLE.
 6. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR AND ABUSED ITS DISCRETION WHEN IT DIDN'T CONSIDER THE WRITTEN REPORTS AND TESTIMONY OF THE COURT-APPOINTED PSYCHOLOGIST, DR. WEINSTEIN AND THE DIAGNOSIS AND SERIOUSNESS OF PARENTAL ALIENATION SYNDROME WHEN MAKING ITS RULING.
 7. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR AND ABUSED ITS DISCRETION WHEN IT STATED THAT APPELLANT'S BEHAVIOR AND DEMEANOR HAS NOT CHANGED IN REGARDS TO KYLE WHEN APPELLANT'S ONLY CONTACT WITH HER SON WAS IN THE PRESENCE OF THE COURT-APPOINTED PSYCHOLOGIST WHO GAVE TESTIMONY AND A WRITTEN REPORT TO THE CONTRARY OF WHAT THE COURT HAS STATED IN THEIR (sic) JOURNAL ENTRY IN REGARDS TO APPELLANT'S BEHAVIOR AND DEMEANOR.
 8. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR AND ABUSED ITS DISCRETION WHEN IT DID NOT CONSIDER THE EXHIBITS IN PLAINTIFF'S EXHIBIT BOX, INCLUDING THE FOUR PHOTO ALBUMS OF APPELLANT AND HER SON KYLE AND OTHER BOOKS WHEN MAKING THEIR (sic) RULING.
 9. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR AND ABUSED ITS DISCRETION WHEN ITS RULING WAS BASED ON CHANGE OF CIRICUMSTANCES (sic) AND ACCORING (sic) TO THE RECENT SUPREME COURT RULING, BRAATZ VS BRAATZ, NO CHANGE NEEDS TO OCCUR FOR VISITATION TO BE ORDERED.
 10. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR AND ABUSED ITS DISCRETION WHEN THE COURT RULED THAT DEFENDANT WOULD BE ALLOW (sic) TO PRESENT THEIR (sic) CASE AND APPELLANT WOULD HAVE AN OPPORTUNITY TO REBUTT (sic) THEIR (sic) TESTIMONY AND FURTHER QUESTION DR. McPHERSON AND BRING IN DR. TERENCE CAMPBELL, WHO'S (sic) AFFADAVIT (sic) IS PRESENT IN PLAINTIFF'S EXHIBIT BOX AND THEN WITHOUT ANY INDICATION THE COURT MADE A RULING ON DEFENDANT'S MOTION TO DISMISS THE CASE WHICH WAS FILED MUCH EARLIER.
Prior to addressing these myriad assignments, we note that the record on appeal only contains a partial transcript (17 pages of testimony from one witness, Dr. McPherson) from the final day (July 9, 1999) of the hearings on the motions. The transcripts from the remaining part of that day, and the entirety of the transcripts from the other four days, is not part of the record on appeal.
As stated in Shannon v. Shannon (1997), 122 Ohio App.3d 346,349:
 An appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the appellant's assignments of error. Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237, 1238-1239. In the absence of a complete record, an appellate court must presume regularity in the trial court's proceedings. State v. Roberts (1991), 66 Ohio App.3d 654. 657, 585 N.E.2d 934, 936-937. (Emphasis added.)
The standard of review for matters concerning visitation rights is whether an "abuse of discretion" was committed. Booth v. Booth
(1989), 44 Ohio St.3d 142, 144. An "abuse of discretion" connotes more than a simple error of law or judgment; it implies that the court's decision was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Based on the scant record provided, we must conclude that the trial court acted properly in weighing the evidence and did not abuse its discretion in its rulings relative to the plaintiff-appellant's notions at issue.
Assignments overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
LEO M. SPELLACY, P.J., and KENNETH A. ROCCO, J., CONCUR.
 _________________________________ JAMES D. SWEENEY, JUDGE
[1] In Catalano v. Pisani (July 23, 1999), Geauga App. No. 98-G2148, 1999 Ohio App. LEXIS, at 1, the court noted that since March 23, 1995, Carol Pisani, nka Catalano, had filed 326 pro se
filings in the divorce ("157 affirmative motions, 119 subpoenas, and 50 other filings").
[2] The majority of the post-decree litigation between the parties involves Carol Pisani's efforts to regain visitation with her children. It has been repeatedly determined that such visitation would not be in the best interests of the children.
[3] Note: this listing does not include an appeal by Carol Pisani, pro se, which was filed on October 27, 1999, five weeks after the filing of the notice of appeal sub judice, and has yet to be heard. See Pisani v. Pisani, Cuyahoga App. No. 77170; this Appendix also does not include an appeal by Carol Pisani, pro se,
which was filed on January 25, 1999, and has yet to be heard. SeePisani v. Pisani, Cuyahoga App. No. 75909.
[4] The parties' children are: (1) Kyle Pisani [d.o.b. May 12, 1985; and, (2) Carly Pisani [d.o.b. September 1, 1980].
 APPENDIX
The appeals, in order of oldest to most recent and excluding the appeal sub judice and the two appeals noted in fn. 3, supra,
include the following:
1. Village of Bentleyville v. Carol Pisani (Cuyahoga. Jan. 30, 1995), 100 Ohio App.3d 515, 1995 Ohio App. LEXIS 120 (trial court's dismissal of telephone harassment charges brought against Carol Pisani by the Village of Bentleyville [the alleged victim being Glenn T. Pisani] reversed and the matter remanded for further proceedings);
2. Pisani v. Pisani (Cuyahoga, Feb. 9, 1995), 101 Ohio App.3d 83,1995 Ohio App. LEXIS 122 (denial of Glenn Pisani's motion asserting frivolous conduct by Carol Pisani pursuant to R.C.2323.51 affirmed);
3. Pisani: v. Pisani (July 14, 1995), Cuyahoga App. No. 68601 (appeal dismissed sua sponte at appellant Carol Pisani's cost for failure to file the record);
4. Village off Bentleyville v. Carol Pisani (Aug. 22, 1996), Cuyahoga App. Nos. 69063, 69064, 69065 and 69066, unreported, 1996 Ohio App. LEXIS 3565, discretionary appeal disallowed in (1996), 77 Ohio St.3d 1488 (Carol Pisani's convictions on four separate counts of telephone harassment committed against Glenn Pisani in 1993 affirmed, but the sentences were modified to reflect the imposition of concurrent sentences);
5. Village of Chagrin Falls v. Carol Pisani (Sept. 14, 1995), Cuyahoga App. No. 68109, unreported, 1995 Ohio App. LEXIS 3959 (Carol Pisani's conviction for resisting arrest subsequent to a traffic stop affirmed);
6. Carol Pisani v. James Skirbunt (Sept. 20, 1995), Cuyahoga App. No. 68705 (appeal dismissed at appellant Carol Pisani's cost for lack of a final appealable order);
7. City of North Olmsted v. Carol Pisani (Nov. 22, 1995), Cuyahoga App. Nos. 67986 and 67987, unreported, 1995 Ohio App. LEXIS 5204 (Carol Pisani's convictions on two separate counts of telephone harassment committed against Glenn Pisani in April of 1994 affirmed);
8. Pisani v. Pisani (Dec. 29, 1995), Cuyahoga App. No. 70019 (Carol Pisani's appeal dismissed sua sponte pursuant to R.C.2505.02);
9. Pisani v. Pisani (Jan. 25, 1996), Cuyahoga App. Nos. 67814 and 68044, unreported, 1996 Ohio App. LEXIS 209, discretionary appeal disallowed in (1996), 76 Ohio St.3d 1472 (Carol Pisani's appeals concerning the allocation of parental rights [to-wit, the denial of visitation] and the division of marital property, and Glenn Pisani's cross-appeal concerning the non-retroactivity of his child support obligation, affirmed);
10. Pisani v. Pisani (Mar. 14, 1996), Cuyahoga App. No. 69522, unreported, 1996 Ohio App. LEXIS 962, discretionary appeal disallowed in (1996), 76 Ohio St.3d 1473 (the trial court's ruling denying Carol Pisani's motion to show cause seeking to hold in contempt the attorneys representing herself, Glenn Pisani, and the guardian ad litem, affirmed);
11. City of Cleveland v. Carol Pisani (Apr. 11, 1996), Cuyahoga App. No. 69323, unreported, 1996 Ohio App. LEXIS, discretionary appeal disallowed in (1996), 76 Ohio St.3d 1491 (Carol Pisani's conviction of one count of telephone harassment committed in 1994 against Beth Zone, Director of the Cuyahoga County Domestic Relations Court's Guardian ad litem program, affirmed);
12. Pisani v. Pisani (May 9, 1996), Cuyahoga App. No. 69813, unreported, 1996 Ohio App. LEXIS 1899 (Carol Pisani's appeal of the dismissal of her motion to show cause seeking to hold in contempt the attorneys representing herself, Glenn Pisani, and the guardian ad litem, affirmed);
13. Pisani v. Pisani (July 18, 1996), Cuyahoga App. No. 69795, unreported, 1996 Ohio App. LEXIS 3101 (Carol Pisani's appeal of the trial court's denial of three motions to vacate filed pursuant to Civ.R. 60 (B) in 1995, affirmed);
14. Pisani v. Pisani (Sept. 19, 1996), Cuyahoga App. No. 70018, unreported, 1996 Ohio App. LEXIS 4083 (Carol Pisani's appeal of the trial court's denial of her motion to vacate filed pursuant to Civ.R. 60 (B) in 1995, affirmed);
15. Pisani v. Pisani (Jan. 16, 1997), Cuyahoga App. No. 70846, unreported, 1997 Ohio App. LEXIS 111 (Glenn Pisani's appeal of the trial court's denial of his motion for a permanent injunction to enjoin Carol Pisani, pro se, from filing any document in the State of Ohio in connection with the parties, affirmed);
16. Carol Pisani v. James Skirbunt (Aug. 28, 1997), Cuyahoga App. No. 72025, unreported, 1997 Ohio App. LEXIS 3838 (Carol Pisani's appeal from the trial court's summary judgment in favor of attorney Skirbunt on Carol Pisani's action for breach of contract and legal malpractice in his representation of Carol Pisani, reversed and remanded);
17. Carol Pisani v. Frances Loparo (Nov. 17, 1997), Cuyahoga App. No. 73231 (appeal dismissed sua sponte at appellant Carol Pisani's cost for failure to file the record);
18. Pisani v. Pisani (Dec. 11, 1997), Cuyahoga App. No. 72136, unreported, 1997 Ohio App. LEXIS 5549 (Carol Pisani appealed from the dismissal and/or summary judgment of her claims against the following: two psychologists who testified during the divorce proceedings; the guardian ad litem; her ex-husband's counsel; her ex-husband; her childrens' former babysitter; her ex-husband's former psychologist. The appellate court affirmed these rulings);
19. State ex rel. Carol Pisani v. Cirigliano (July 30, 1998), Cuyahoga App. No. 74159, unreported, 1998 Ohio App. LEXIS 3471 (Carol Pisani's writ of procedendo, seeking an order from the appellate court requiring visitation with her children, denied);
20. Pisani v. Pisani (Sept. 24, 1998), Cuyahoga App. No. 74373, unreported, 1998 Ohio App. LEXIS 4421 (Carol Pisani's appeal from the denial of a number of motions she made regarding a motion to modify visitation rights with her children and the denial of her motion for relief from judgment pursuant to Civ.R. 60 (B), affirmed);
21. Carol Pisani v. Frances Loparo (Oct. 29, 1998), Cuyahoga App. No. 73219, unreported, 1998 Ohio App. LEXIS 5086 (Carol Pisani's appeal from the granting of summary judgment in favor of defendant-appellee Ms. Loparo [whose three charges, that Carol Pisani had attempted to injure Loparo by intentionally swerving her car at Loparo, were dismissed at an earlier proceeding as part of Carol Pisani's plea bargain in that proceeding] on her claims of malicious prosecution, defamation, intentional infliction of emotional distress, and invasion of privacy, affirmed);
22. State ex rel. Carol Pisani v. Cirigliano (May 19, 1999), Cuyahoga App. No. 76005, unreported, 1999 Ohio App. LEXIS 2417 (Carol Pisani's writ of procedendo, seeking to have the Administrative Judge of the Cuyahoga County Common Pleas Court, Domestic Relations Division, recuse Judge Cirigliano from the relator's case and to order the new trial court judge to rule on a pending motion by Pisani, dismissed);
23. Carol Catalano v. Glenn T. Pisani (July 23, 1999), Geauga App. No. 98-G-2148, unreported, 1999 Ohio App. LEXIS 3416 (Carol Catalano's, fna Carol Pisani, appeal from the granting of Glenn Pisani's motion for summary judgment on his counterclaim that she was a "vexatious litigant," reversed and remanded; Carol Catalano's, fna Carol Pisani, appeal from the granting of Glenn Pisani's motion for summary judgment on her claims of loss of consortium and intentional infliction of emotional distress, affirmed);
24. Pisani v. Pisani (Nov. 18, 1999), Cuyahoga App. No. 74799, unreported (Carol Pisani's appeal from the trial court granting Glenn Pisani's motion to declare her a "vexatious litigant" pursuant to R.C. 2323.52, reversed; the appellate decision only considered the issue in light of Carol Pisani's filings subsequent to March 18, 1997, concluding, at 6, that her actions, in the time frame under consideration, were that of an "inexperienced litigator as opposed to a vexatious litigator whose goal is to harass and annoy." The court did not foreclose the possibility that Carol Pisani could, at a later date, be determined to be a "vexatious litigant.")