JOURNAL ENTRY AND OPINION
Third-party defendants-appellants, Shyam S. Pandey and Prabha R. Pandey, appeal the judgment of the Cuyahoga County Common Pleas Court finding them liable for a mortgage prepayment penalty fee and denying their claim for late fees. For the reasons set forth below, we affirm.
On April 3, 1995, defendants-appellees, Karl and Theresa Helfrich, entered into a land contract agreement with appellants whereby the Helfrichs purchased an apartment complex located at 4298 Rocky River Drive, Cleveland, Ohio, from appellants. Pursuant to the agreement, the Helfrichs assumed payments on a mortgage held by Metropolitan Savings Bank of Cleveland on the property. Paragraph 4.d. of the land contract agreement provided that "buyer shall have the privilege of prepaying any part or all of the purchase price * * * hereof at any time after two (2) years from the date of this agreement without premium."
The Helfrichs took possession of the property and managed the complex until December 16, 1996, when they entered into a land contract agreement with Maishe Properties, Ltd., whereby Maishe purchased the property from the Helfrichs. The agreement specified that Maishe was assuming the mortgage held by Metropolitan Savings Bank of Cleveland on the property, as well as a mortgage held by the Pandeys on the property, pursuant to the land contract between them and the Helfrichs. Paragraph S.D. of the agreement between Maishe and the Helfrichs provided that "buyer may prepay part or all of the mortgage * * * at any time without penalty."
On November 20, 1997, Maishe refinanced the property and attempted to repay the mortgage held by Metropolitan Savings Bank. Pursuant to the mortgage instrument, Metropolitan Savings Bank assessed a one percent prepayment penalty in the amount of $19,640.72. In order to close the escrow and transfer the property, Maishe and the Helfrichs each paid one-half of the prepayment penalty.
On November 28, 1997, Maishe filed suit against the Helfrichs, seeking reimbursement of $9,820.36, its one-half share of the prepayment fee assessed by Metropolitan Savings.
Maishe subsequently filed an amended complaint in which it added a claim against the Pandeys for breach of contract. Maishe's complaint alleged that when the Pandeys sold the apartment complex to the Helfrichs, they retained ownership of twenty-six laundry machines in the apartment complex. Pursuant to the agreement, the Pandeys agreed to maintain the machines in good working order and split the proceeds with the Helfrichs. Maishe's complaint alleged that the Pandeys had breached this agreement, which the Helfrichs had assigned to Maishe when Maishe purchased the property from them.
The Helfrichs answered the complaint, asserted a counterclaim for breach of agreement[1] and filed a third-party complaint against the Pandeys. In a subsequently filed amended third-party complaint, the Helfrichs sought reimbursement from the Pandeys in the amount of $9,820.36, their one-half share of the prepayment fee assessed by Metropolitan Savings Bank. They also sought reimbursement from the Pandeys for a mortgage payment they had made in April 1995, when the Pandeys still owned the property.
The Pandeys answered the third-party complaint and asserted a counterclaim against Maishe and the Helfrichs, claiming that they had not made timely mortgage payments, causing the Pandeys to incur late fees of $8,860.95.
On November 17, 1998, the case proceeded to a bench trial. On December 10, 1998, after the parties had filed post-trial briefs, the trial court issued Findings of Fact and Conclusions of Law, which provide, in pertinent part:
 The Court finds that the mortgage agreement entered into between the Pandeys and Metropolitan (Plaintiff's Exhibit 2) provided for a prepayment penalty on the mortgage balance. The subsequent land contract did not reference a transfer of this prepayment obligation. Indeed section 5(D) of the land contract specifically provided for the prepayment of the mortgage by the Buyer without penalty. (Defendant-Third-Party Plaintiff's Exhibit 1). By the express terms of the respective contracts, Mr. and Mrs. Pandey are liable for the prepayment penalty advanced by Maishe and Helfrichs to close their transaction. Judgment for Plaintiff against Defendants Helfrich in the amount of $9,820.36 and costs. Judgment for Third-Party Plaintiffs Helfrich against Third-Party Defendants Pandey in the amount of $19,640.72, and Defendants' costs. Helfrichs' land contract with Maishe provided that Defendants would hold harmless Plaintiff on all claims that may be asserted by the mortgagor. Clause 5(D) of Plaintiff's Exhibit A gave Plaintiff the right to prepay the mortgage without a penalty.
 Defendants Pandeys' claim for late fees made against Plaintiff is denied as no privity of contract existed between the two. Clause 5(A) of Plaintiff's Exhibit A, the contract between Maishe and Helfrichs, provided for the assessment of late fees. No claim for the late fees was asserted against the Helfrichs or Maishe at the time of closing when Pandeys' original mortgage was discharged. Pandey testified that he never incurred late fees or sought same except for November of 1997. Mr. Krantz, an agent of Plaintiff Maishe, testified that all checks were timely tendered to Pandey, who chose to pick up the checks instead of relying on the mail. Defendants Pandeys' claim for late fees is denied.[2]
Appellants timely appealed, assigning two assignments of error for our review:
 I. WHETHER THE COURT ERRED IN FINDING THAT SHYAM S. PANDEY AND PRABHA R. PANDEY WERE LIABLE FOR A CERTAIN PREPAYMENT PENALTY OF METROPOLITAN MORTGAGE AS A RESULT OF A PAYMENT TO METROPOLITAN MORTGAGE BY MAISHE PROPERTIES, LTD., PAYING OFF THE MORTGAGE.
 II. WHETHER THE COURT ERRED IN FINDING THAT CARL HELFRICH AND THERESIA [SIC] HELFRICH WERE CURRENT IN THEIR PAYMENTS TO SHYAN S. PANDEY AND PRABHA R. PANDEY.
In their first assignment of error, appellants contend that the trial court erred in finding them liable for the prepayment penalty incurred by Maishe and the Helfrichs when Maishe paid off the mortgage on the property in 1997. Appellants contend that paragraph 4.d. of the installment land contract between them and the Helfrichs provides that "buyer shall have the privilege of prepaying any part or all of the purchase price * * * hereof at any time after two years from the date of this agreement without premium." (Emphasis added). Appellants contend that this language indicates that the intent of the parties was that the Pandeys would not charge a prepayment penalty to the Helfrichs in the event they wished to pay off the land contract purchase price after two years. Appellants argue that because there is no language in the agreement stating that the underlying mortgage
can be paid off without any penalty, the agreement is limited to prepayment of the purchase price. Therefore, appellants contend, the trial court erred in finding them liable for the prepayment interest assessed by Metropolitan when Maishe paid off the mortgage.
In their second assignment of error, appellants contend that the trial court erred in denying their claim for late fees allegedly incurred as a result of late payments by Maishe and the Helfrichs. Appellants contend that paragraph 4.c.(i) of the land contract between them and the Helfrichs states, "In the event a payment is made after the seventh day of each month, then in that event there will be a late penalty in the amount of 5% of the payment amount." Appellants assert that they produced evidence at trial that seventeen of the twenty payments made after February 1997 were late. Appellants admit that Metropolitan Savings Bank did not assess any late fees against them, but contend, nevertheless, that because the payments were late, pursuant to the terms of the contract, they are entitled to late fees.
The Helfrichs[3] assert that because appellants have failed to supply this court with a complete record on appeal, this court must affirm the trial court's decision. We agree.
As stated in Shannon v. Shannon (1997), 122 Ohio App.3d 346,349:
 An appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the appellant's assignments of error. Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237, 1238-1239. In the absence of a complete record, an appellate court must presume regularity in the trial court's proceedings. State v. Roberts
(1991), 66 Ohio App.3d 654, 657, 585 N.E.2d 934, 936-937. (Emphasis added.)
In their assignments of error, appellants ask us to interpret paragraphs 4.c.(i) and 4.d. of the land installment contract executed April 3, 1995 by them and the Helfrichs. Appellants have not provided this court with a copy of the transcript of the trial proceedings, however. Absent a transcript or statement of the evidence introduced at trial, this court cannot look behind the court's findings of fact to determine whether they are supported by competent evidence. Bates Springer v. Stallworth
(1978), 56 Ohio App.2d 223, 231. Moreover, although the record on appeal contains some of the exhibits marked and offered at trial, it does not contain the April 3, 1995 land installment contract between appellants and the Helfrichs. Thus, even if we were to attempt to interpret the land installment contract, it is not part of the record on appeal.
In the absence of a complete and adequate record, a reviewing court has nothing to pass upon and must presume the regularity of the proceedings and the presence of sufficient evidence to support the trial court's decision. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199; Wells v. Spirit Fabricating, Ltd.
(1996), 113 Ohio App.3d 282, 288-289; Glaser v. Glaser (Aug. 12, 1999) Cuyahoga App. No. 75937, unreported. Because appellants failed to provide this court with an adequate record, we must presume the regularity of the proceedings below and affirm.
Appellants' first and second assignments of error are overruled.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE.
 JOHN T. PATTON, J. and ANNE L. KILBANE, J., CONCUR.
[1] The Helfrichs subsequently dismissed the counterclaim without prejudice.
[2] The trial court denied the other remaining claims adversely to the parties. None of those claims are at issue in this appeal.
[3] Plaintiff-appellee Maishe Properties, Ltd. did not file a brief on appeal.