JOURNAL ENTRY AND OPINION
Leslie Morgan appeals, pro se from a decision of the Court of Common Pleas denying his motion to correct the record. On appeal, he claims that the trial court erred in denying his motion; that the court erred in disposing of his motion without conducting a hearing; and that the trial court erred by failing to issue findings of fact and conclusions of law when denying his motion. Upon review, we reject these contentions and affirm the judgment of the trial court.
The record presented on appeal reveals that on February 19, 1988, Mr. Morgan was convicted, following a jury trial, of complicity in the commission of aggravated murder with a firearm specification. He was immediately sentenced to a term of life imprisonment plus three years actual incarceration, consecutive to and prior to the life sentence.
On April 24, 2000, Mr. Morgan filed a motion to correct the record in the clerk's office to read that he was found guilty of complicity to aggravated murder with a firearm specification, rather than aggravated murder with a firearm specification. On May 12, 2000, the trial court denied Mr. Morgan's motion. It is from that denial that Mr. Morgan now appeals and raises three assignments of error.
 I. THE DEFENDANT APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE TRIAL COURT DISPOSED OF HIS MOTION TO CORRECT RECORD WITHOUT CONDUCTING A HEARING.
In his first assignment of error, Mr. Morgan contends that the trial court abused its discretion when it dismissed his motion without conducting a hearing. The State maintains that the trial court was not required to hold a hearing when ruling on Mr. Morgan's motion. The issue here concerns whether the trial court was required to conduct a hearing when ruling on Mr. Morgan's motion to correct the record.
Crim.R. 47 provides, in pertinent part:
 To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition.
Crim.R. 47 does not mandate that a hearing be held upon the filing of a motion. Indeed, the majority of courts, this one included, have held that not every motion in a criminal matter is entitled to an oral hearing. See Solon v. Mallion (1983), 10 Ohio App.3d 130; State v. Troyer (Apr. 1, 1993), Cuyahoga App. No. 61983, unreported; State v. Quinn (Sept. 2, 1980), Lake App. No. 7-185, unreported.
Furthermore, it is difficult to find reversible error in the failure to hold a hearing on a motion when no party requests one. See State v. Hartley (1988), 51 Ohio App.3d 47, 48. Here, Mr. Morgan failed to request that an oral hearing be conducted in his motion to correct the record. Accordingly, he has not shown that he was prejudiced in any manner by the trial court's refusal to grant an oral hearing and we must presume that the trial court properly ruled on his motion upon the memoranda submitted by the parties. See State v. Roberts (1991), 66 Ohio App.3d 654, 657. Accordingly, Mr. Morgan's first assignment of error is overruled.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY FAILING TO FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW WHEN IT DENIED HIS MOTION TO CORRECT RECORD.
In his second assignment of error, Mr. Morgan contends that the trial court erred when it failed to issue findings of fact and conclusions of law. The State maintains that the trial court was not required to issue findings of fact and conclusions of law when ruling on Mr. Morgan's motion. The issue here concerns whether the trial court was required to issue findings of fact and conclusions of law when denying Mr. Morgan's motion to correct the record.
Crim.R. 12(E) provides, in pertinent part:
 Where factual issues are involved in determining a motion, the court shall state its essential findings on the record.
In order to invoke Crim.R. 12(E), the defendant must request that the court state its essential findings of fact in support of its denial of a motion. State v. Benner (1988), 40 Ohio St.3d 301, 317; Bryan v. Knapp (1986), 21 Ohio St.3d 64; State v. Little (Oct. 12, 2000), Cuyahoga App. No. 77258, unreported.
Here, the record fails to uncover any request by Mr. Morgan for findings of fact and conclusions of law. Accordingly, we must presume regularity in the trial court's proceedings. State v. Roberts, supra. Thus, Mr. Morgan has not shown that he was prejudiced in any manner by the trial court's failure to state its findings of fact and conclusions of law in ruling on his motion. Accordingly, Mr. Morgan's second assignment of error is overruled.
 III. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT FAILED TO GRANT HIM HIS MOTION TO CORRECT RECORD.
In his third and final assignment of error, Mr. Morgan contends that the trial court erred when it failed to grant his motion since he was found guilty of complicity to aggravated murder rather than aggravated murder. The State maintains that the trial court did not abuse its discretion in denying Mr. Morgan's motion since there is no legal distinction between complicity to aggravated murder and aggravated murder. The issue here concerns whether the trial court abused its discretion in denying Mr. Morgan's motion to correct the record.
On February 19, 1988, a jury found Mr. Morgan guilty of complicity in the commission of aggravated murder with a firearm specification. Specifically, the certified copy of the sentence, dated March 3, 1988, states that Mr. Morgan was found guilty by jury verdict of Aggravated Murder R.C. 2903.01 Complicity R.C. 2923.03 with Gun Specification as charged in the indictment. R.C. 2923.03 provides that a charge of complicity may be stated in terms of complicity or in terms of the principal offense. Thus, there is no legal distinction between complicity to aggravated murder and aggravated murder. See State v. Ensman (1991),77 Ohio App.3d 701; State v. Dotson (1987), 35 Ohio App.3d 135; State v. Davis (May 24, 1984), Cuyahoga App. No. 47622, unreported; State v. Barrett (April 23, 1980), Warren App. No. 344, unreported. Therefore, the trial court did not abuse its discretion in denying Mr. Morgan's motion to correct the record. Accordingly, Mr. Morgan's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________ JAMES J. SWEENEY, J.:
FRANK D. CELEBREZZE, JR., P.J., and COLLEEN CONWAY COONEY, J., CONCUR.