OPINION
Defendant Bruce A. Steward appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which overruled his motion to vacate its prior judgment sentencing him for one count of felonious assault in violation of R.C. 2903.11. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. I.
 APPELLANT'S SENTENCE FOR FELONIOUS ASSAULT IS VOID IN THAT IT WAS IMPOSED ON AN INVALID ADJUDICATION OF GUILT BASED ON APPELLANT'S NO CONTEST PLEA.
 ASSIGNMENT OF ERROR NO. II.
 APPELLANT WAS DENIED THE RIGHT TO COUNSEL DURING THE TRIAL COURT PROCEEDINGS IN WHICH EVIDENCE WAS TAKEN AND CONSIDERED IN RELATION TO APPELLANT'S GUILT OR INNOCENCE IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
On March 26, 1994, appellant changed his previous plea of not guilty to a plea of no-contest for felonious assault. Appellant urges the trial court accepted his no-contest plea but did not pass judgment as to his guilt or innocence. Instead, the court ordered a pre-sentence investigation be prepared, and set the case for sentencing on November 28, 1994. Appellant argues after the trial court had adjourned the proceedings, off the record and without appellant or his attorney present, the court executed and filed a journal entry adjudicating him guilty of felonious assault based on the no-contest plea. Appellant was sentenced, and did not file a timely appeal.
On March 30, 2001, appellant filed a motion to vacate the sentence, arguing it was invalid and void.
 I and II
Both appellant's assignments of error are directed to his allegation that the court found him guilty outside his presence and that of his defense counsel.
Appellant cites to the transcript of the change of plea hearing, and the State attaches to its brief a document purporting to be the transcript. A review of the record, however, discloses no transcript was actually filed with the court, and the clerk of court's notice of filing the transcript of the docket and original papers states the record was transmitted without a transcript of proceedings.
Without a transcript of the hearing, appellant cannot meet his burden of demonstrating the error by reference to matters in the record, Statev. Roberts (1991), 66 Ohio App.3d 654, at 657, citing Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197. In the absence of a record, we must presume the omitted evidence supports the court's judgment, Id,
citing In Re: Adoption of Foster (1985), 22 Ohio App.3d 129, overruled on other grounds In Re: Adoption of Sunderhaus (1991), 63 Ohio State 3d 127.
We find the record does not support appellant's contentions. Accordingly, both assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
By GWIN, J., HOFFMAN, P. J., and FARMER, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.